S. A. WILLARD *et al.*

*v.*

E. F. MASTERSON *et al.*

| 160 | 443 |
|-----|-----|
| 75a | 306 |
| 160 | 443 |
| 187 | ³391 |

*Filed at Ottawa January 20, 1896—Rehearing denied March 28, 1896.*

1. LEVY—*by judgment creditor upon lands fraudulently alienated.* A judgment creditor may levy upon, and sell under execution, lands previously fraudulently alienated by the debtor, treating the conveyance as a nullity, although such conveyance is effective to pass the title as against all the world except *bona fide* creditors.

2. HOMESTEAD—*effect of surrender of possession to grantee under deed.* Deed of a homestead, followed by surrender of possession to the grantee, amounts to an abandonment and extinguishment of the homestead estate.

3. SAME—*cannot be acquired in property after judgment lien attaches.* A judgment debtor cannot acquire a homestead in property to which the lien of the judgment has already attached.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

This was a bill in chancery in the circuit court of Cook county, by defendants in error, seeking to set aside certain deeds and the assignment of a judgment made by

Samantha A. Willard, one of the plaintiffs in error, to Anna T. Snyder, the other plaintiff in error. The deeds conveyed lots 24 and 25 in a certain block of land in Chicago. The bill alleged the bringing of an action for malicious prosecution by Nina Petitt on May 10, 1889, against Mrs. Willard; that a verdict was returned January 17, 1892, and on February 6, 1892, a judgment was recovered by the plaintiff for $3480, which was affirmed by this court (153 Ill. 663); that an execution issued thereon and was returned unsatisfied on August 11, 1892; that on August 20, 1892, an alias execution was issued, under which the sheriff levied on said two lots, and afterwards, on October 25, 1892, sold the same to said Nina Petitt; that prior thereto, on January 9, 1892, Mrs. Willard made a pretended deed for lot 24, and on the 10th of September, 1892, made a pretended and fraudulent conveyance of lot 25, to said Anna T. Snyder; that in January, 1892, Mrs. Willard made a colorable assignment to Mrs. Snyder of a judgment against one Rose Delsing of $268, for the expressed consideration of $250; that Mrs. Snyder was a person of no means, and unable to purchase said property and judgment.

The answer of Mrs. Snyder and Mrs. Willard admits the rendition of the judgment for $3480, but denies the validity of the sheriff's sale, and sets up that at the time said judgment was entered Mrs. Willard and her husband were the owners of said lots, but that lot 24 had been conveyed by them to Mrs. Snyder by a certain contract of sale and conveyance made on the second day of August, 1887, in good faith, for $1600, subject to certain incumbrances, and which contract was, on January 9, 1892, consummated by deed from the Willards to Mrs. Snyder, which contract and deeds were duly recorded January 22, 1892; that Mrs. Willard acquired the title to lot 25 by deed from Albert Crane and wife, June 2, 1888, which was filed for record March 5, 1889; that said lot 25 became and continued to be occupied as the homestead of the Willards

until September 10, 1892, when they deeded the same to Mrs. Snyder for $950, subject to certain incumbrances, which deed was duly recorded October 19, 1892.    The answer denied all fraud and collusion.

The cause was referred to the master to take proof and report his conclusions of law and fact.    Exceptions to the master's report were overruled and a decree was rendered in favor of complainants in the bill, the master's report being adopted as the basis of the decree of the court.    Mrs. Willard and Mrs. Snyder bring the case to this court on error.

L. M. SHREVE, and S. P. SHOPE, for plaintiffs in error:

The sale by the sheriff under the writ was irregular and void.   1 Black on Judgments, 423; *Miller* v. *Sherry*, 2 Wall. 249; *Brooks* v. *Wilson*, 6 N. Y. Sup. 116; *Manhattan Co.* v. *Evertson*, 6 Paige, 465; *McKee* v. *Gilchrist*, 3 Watts, 230; *Mulford* v. *Peterson*, 35 N. J. L. 127; *Neal* v. *Foster*, 36 Fed. Rep. 29; *In re Estes*, 3 id. 134; *Rappleye* v. *Bank*, 93 Ill. 396.

Where, as here, the conveyance appears to be fair upon its face, it will be regarded as valid until the contrary is shown.    *Pratt* v. *Pratt*, 94 Ill. 184.

MASTERSON & HAFT, for defendants in error.

Per CURIAM:  The first contention of the plaintiffs in error is, that the sheriff's sale of the lots was irregular and passed no title, for the reason that the judgment debtor had divested herself of all interest and title in the lots.    It is true, the deed of Mrs. Willard and husband to Mrs. Snyder was good and effective to pass the title of the debtor as against her and all the world, except *bona fide* creditors.    This doctrine has been repeatedly announced by this court.    (*Moore* v. *Horsley*, 156 Ill. 36; *Hallorn* v. *Trum*, 125 id. 247; *Springfield Homestead Ass.* v. *Roll*, 137 id. 205; *Tyler* v. *Tyler*, 126 id. 525; *Rappleye* v. *International Bank*, 93 id. 396.)    When a judgment debtor has no title of any kind, it would seem that the creditor cannot

acquire title by a levy and sale under execution against such debtor. Whether this rule applies to cases of fraudulent conveyance there is a variance of opinion. In some of the authorities it has been held, that when a debtor procures a conveyance to be made to another in secret trust, the creditor's remedy is in equity, and not by levy and sale on execution. (See Wait on Fraud. Con. secs. 51, 57.) When the legal title has been in the debtor so as to be subject to execution at law, and could be made available for the satisfaction of the judgment but for the fraudulent conveyance, the creditor, or a third person having taken title under a sheriff's sale, may bring ejectment and avoid the conveyance by proof of the fraudulent purpose for which it was made. (Ibid.)

The judgment creditor in this case had the right to sell the lots under execution, notwithstanding they may have been fraudulently alienated. She had the right to treat the deeds of Mrs. Willard as nullities, and hold the property to levy and sale under her execution the same as if such transfers had not been attempted. (Wait on Fraud. Con. sec. 59; *Thomason* v. *Neeley,* 50 Miss. 313.) In such case the creditor may treat the debtor as the owner of the property, and pursue his proper remedy at law as if the title were unembarrassed by the pretended deed. In *Gallman* v. *Perrie,* 47 Miss. 131, the court says the jurisdiction of a court of equity is ample, either before or after a sale under a judgment, to set aside a deed made in fraud of creditors,—before sale, in order that the creditors may realize the full value of the property by offering an unembarrassed title to bidders; after sale, so that the clouds which obscure, and which, if permitted to remain, might endanger it, may be put away. (*McKinney* v. *Farmers' Nat. Bank,* 104 Ill. 180.) In *Gould* v. *Steinburg,* 84 Ill. 170, this court expressly held that a creditor of a fraudulent grantor may, after a levy upon the land and sale and sheriff's deed to him, file a bill in equity and have the fraudulent deed set aside.

The master in chancery to whom the case was referred to take the evidence and report conclusions of both law and fact, found the two deeds of Mrs. Willard to Anna T. Snyder of lots 24 and 25, and the transfer of the Delsing judgment, to be fraudulent and without consideration, and that such deeds and transfer were made to hinder and defraud Mrs. Petitt in the collection of her judgment. We think the several conclusions of the master are fully sustained by the evidence.

It is also contended that lot 25 was the homestead of Mrs. Willard at the time of the levy and sale, and therefore such lot was exempt from forced sale. This depends upon the fact whether the Petitt judgment of February 6, 1892, became a lien on such lot before Mrs. Willard and family made the same their homestead. It appears that Mrs. Willard conveyed the lot to Sarah E. Clark by deed dated January 2, 1892, and recorded January 22 of the same year. Sarah E. Clark on February 23, 1892, reconveyed the lot to Mrs. Willard, which deed was recorded February 26, 1892. If the property (lot 25) ever was the homestead of Mrs. Willard, she lost the same by her deed of January 2, 1892, to Mrs. Clark and giving possession under the deed. If a party makes a deed of property in which he has a homestead, and shortly thereafter moves from the premises and surrenders possession to the grantee, this will amount to an abandonment and extinguishment of the homestead estate. (*Eldridge* v. *Pierce*, 90 Ill. 474; *Titman* v. *Moore*, 43 id. 169.) After the judgment became a lien upon the lot the debtor could not acquire a homestead as against the judgment. (*Hook* v. *Richeson*, 115 Ill. 431; *Symonds* v. *Lappin*, 82 id. 213.) The finding of the master as to the question of homestead is sustained by the evidence.

Finding no error the decree of the circuit court is affirmed.

*Decree affirmed.*