JAMES KILMER

*v.*

LOUIS D. GARLICK.

*Opinion filed April 17, 1900.*

1. EQUITY—*right of equity to enforce execution sale where homestead was not set off.* If the purchaser of property resorts to equity to set aside an execution sale and sheriff's deed upon the ground that the property was exempt as a homestead, the court, if the property is divisible, may confirm sale as to so much as exceeds $1000 value.

2. HOMESTEAD—*homestead extends to entire tract though householder's interest in different parts is not the same.* The estate of homestead to the extent of $1000 extends to the whole tract of land enclosed and occupied as a residence, even though the householder owns the fee to one part of the land and has an interest in the other part under a contract of sale.

3. SAME—*how value of a homestead is determined where householder's interests are not the same.* Where a householder in possession of an enclosed tract of land owns one part in fee, subject to encumbrances, and has an interest in the other part under a contract of purchase, his homestead estate in the former part is the difference between its value and the encumbrances, and in the latter is the difference between its value and the amount due on the contract of purchase.

4. SAME—*judgment debtor may convey homestead free from lien of the judgment.* If the homestead estate of a judgment debtor is not worth more than $1000 he has the right to convey the same, and the purchaser takes free from the lien of the judgment.

5. SAME—*burden of proof where the execution lien is asserted against homestead.* Where an estate of homestead has not been set off or its value tendered when the property was sold on execution, one asserting the lien of the execution against a grantee of the judgment debtor has the burden of proving that the estate conveyed was worth more than $1000.

6. SAME—*purchaser's rights where execution sale is confirmed as to part of property.* Where a second mortgagee, who has purchased the property, seeks to set aside an execution sale under a judgment against the mortgagor, which sale was void at law because the homestead was not set off, but the court confirms the sale as to part of the property exceeding the value of $1000 and sets the same off to the defendant, the complainant is entitled to the amount of his own mortgage upon such part and the amount advanced by him to raise the first mortgage, and to the value of improvements placed by him upon such part in ignorance of the sale.

APPEAL from the Circuit Court of Will county; the Hon. JOHN SMALL, Judge, presiding.

GARNSEY & KNOX, for appellant:

Where the land is worth not to exceed $1000 over and above the encumbrances the homestead right is not subject to execution and sale. *Imhoff* v. *Lipe,* 162 Ill. 282.

The mortgage indebtedness existing at the time of the judgment must be deducted from the value of the interest of the party in the premises and the homestead estate calculated upon the residue. *Brokaw* v. *Ogle,* 170 Ill. 115.

The burden of proof that the estate of the debtor in the premises exceeded $1000 is upon the party asserting the lien, where, in a case like the present, he has not pretended to follow the provisions of the Homestead act. *Mueller* v. *Conrad,* 178 Ill. 276.

Appellant, by his purchase of the property from the homestead association and paying off the Bissell mortgage, became subrogated to all their rights, and as these liens, as well as his own mortgage, are superior to the judgment lien of Garlick, he is entitled to be paid these sums and interest. *Bressler* v. *Martin,* 133 Ill. 289; *Young* v. *Morgan,* 89 id. 200.

HALEY & O'DONNELL, and J. W. DOWNEY, for appellee:

Where relief is sought in chancery against a sale of a homestead, the chancellor may, in the exercise of his equitable powers, cause the property to be divided and

set aside the sale only as to so much of the property as shall be of the value of $1000. *Leupold* v. *Krause*, 95 Ill. 440; *Bach* v. *May*, 163 id. 547; *Loomis* v. *Gerson*, 62 id. 11.

The statute only exempts the lot of ground on which the debtor resides, and not that adjoining his, although in the same enclosure. *Sever* v. *Lyons*, 170 Ill. 395; *Raber* v. *Gund*, 110 id. 581; *Hay* v. *Baugh*, 77 id. 500.

Where the debtor occupies one tract, which is included with others in a sale in which the homestead is not set off, the creditor may tender a quit-claim deed of the tract actually occupied as a homestead, and equity will sus-tain the sale as to other tracts or pieces of land. *Sever* v. *Lyons*, 170 Ill. 395.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On March 28, 1891, the appellee, Louis D. Garlick, re-covered a judgment in the county court of Will county against Samuel B. Hughes and Harriet Hughes, his wife. At that time Samuel B. Hughes was the owner of the in-terests hereinafter stated in lot 2 of Weeks & Munroe's subdivision of certain premises in Joliet, in said Will county. Lot 2 fronted north on Benton street, and was one hundred and thirty-two feet wide east and west and somewhere about two hundred and ninety-seven feet long north and south, running back to a narrow street called Wenberg street. Samuel B. Hughes was possessed of an estate in the north one hundred and forty-four feet of this lot under a contract with the People's Loan and Home-stead Association of Joliet, owner of the fee, by which that association agreed to convey to Hughes said tract for the sum of $1500, payable in one hundred months' time, at $15 per month. Said Samuel B. Hughes was also the owner in fee of the remainder of said lot 2, except a rectangular piece in the south-east corner of the lot, forty-four feet wide east and west and one hundred and forty-four feet long north and south. This part of the

lot which Hughes owned in fee was subject to the liens of two mortgages, one made to secure a note dated July 20, 1885, payable to Martin C. Bissell, for $300, with eight per cent interest, and the other securing a note dated January 4, 1890, payable to the appellant, James Kilmer, for $200, with eight per cent interest. The whole of these premises in which Hughes had the interest under the contract and the estate in fee subject to said encumbrances were surrounded with a fence in one enclosure and were occupied as a homestead by him with his family. The dwelling house was situated on the north one hundred and forty-four feet for which he had the contract of purchase. Execution was issued on appellee's judgment and returned unsatisfied, no property found.

Samuel B. Hughes assigned said contract to Hattie May Adams, and she assigned it April 6, 1893, to appellant, who paid the People's Loan and Homestead Association the amount due on the contract, which was $939.57, and a deed was made from the homestead association to appellant April 6, 1893. Samuel B. Hughes and wife also conveyed the south one hundred and forty-four feet of the lot, except said piece in the south-east corner, to appellant, who, on April 7, 1893, paid to the estate of Bissell $485.13 in full of the first mortgage, which was released. Appellant held the second mortgage on that part of the lot, as before stated. After the conveyance to appellant an *alias* execution was issued on appellee's judgment on April 14, 1893, and the north one hundred and forty-four feet, together with the south one hundred and forty-four feet of the lot, except the tract in the south-east corner, were sold to appellee in one lot, without setting off the homestead or conforming to the requirements of the law relating to homesteads. Hughes did not abandon the premises, but continued to occupy them as his homestead as one entire tract until the sale to appellant. In pursuance of the execution sale a deed was made October 1, 1894, by the sheriff to appellee. Neither Hughes nor ap-

pellant had any knowledge of the sale or of the deed to appellee until after it was made. At that time appellant was building a house on the south end of the premises. The house cost about $650, and was finished the last of October or first of November, 1894.

Appellee, by virtue of his deed, commenced an action in forcible detainer before a justice of the peace against Hughes and appellant and appellant's tenant, and appellant filed his bill in this case for an injunction and to set aside said deed. About that time it was discovered that there was a strip about nine feet wide running east and west between the north and south parts of lot 2 which was not covered by the conveyance, and Hughes made a second deed August 2, 1895, quit-claiming to appellant all interest in the lot for the purpose of covering that strip. Appellee answered the bill and filed his cross-bill, alleging that the south part of the lot had been treated as a separate tract for the purpose of occupancy and conveyance, so that it was not subject to the homestead right, offering to pay the Bissell mortgage and to do equity in the premises, and praying that his title might be confirmed, subject to whatever equity the court might decree. The cross-bill was answered and the cause heard. Upon the conclusion of the argument appellee offered to execute to the appellant a quit-claim deed to the north one hundred and forty-four feet of the lot on which the dwelling house stood. The court decreed that the title to the north one hundred and forty-four feet on which the dwelling house was should be declared vested in appellant free from any lien or encumbrance by virtue of the judgment, sale or deed; that the title to the south one hundred and forty-four feet, except said east forty-four feet thereof, should be confirmed and vested in appellee upon the tender to appellant of a quit-claim deed of the north one hundred and forty-four feet and the payment to appellant of $485.13,—the amount advanced by him to pay the first mortgage to the estate of Bissell,—

and that the master in chancery should execute a deed to appellee of all the rights of appellant in the portion confirmed to appellee.

The homestead of Samuel B. Hughes, to the extent and value of $1000, was exempt from levy and sale on execution, and being so exempt he had a right to sell it to appellant, who would take it free from the lien of appellee's judgment. Appellant having resorted to a court of equity to set aside the sale and deed on the ground that the property was exempt as such homestead, the court might exercise its equitable powers, and, if the property was divisible, set aside the sale of so much, only, as was of the value of $1000. (*Loomis* v. *Gerson*, 62 Ill. 11; *Stevens* v. *Hollingsworth*,74 id. 202; *Leupold* v.*Krause*, 95 id. 440.) The questions presented were whether the estate of homestead of Hughes extended to the whole tract enclosed and occupied by him or was confined to the north one hundred and forty-four feet, and if it extended to the whole tract, whether his estate was worth more than $1000 when it was conveyed to appellant.

On the first question the rule of law is, the estate of homestead, to the extent in value of $1000, extends to the whole of the lot of land and buildings thereon occupied as a residence, although it covers separate legal tracts or lots. In such a case the homestead will embrace all. (*Thornton* v. *Boyden*, 31 Ill. 200; *Boyd* v. *Fullerton*, 125 id. 437.) In this case the premises occupied did not constitute more than one legal subdivision and did not embrace separate tracts. There had been a separation in the nature of the estate, so that the estate of Hughes in one part was under his contract of purchase and in the other part it was a fee subject to the two mortgages, but the whole premises were enclosed and occupied as one tract and residence property. Hughes was in the occupation of the entire premises as his homestead, and the fact that his interest in the different parts was not the same would make no difference. It is necessary that

there shall be occupancy of the entire premises, (*Sever* v. *Lyons*, 170 Ill. 395,) but that was the case here.

The other question, whether the premises were worth more than $1000, is to be determined, as to the south part, by ascertaining the value at the time of the transfer and deducting the encumbrances, and the homestead estate is to be calculated on the residue. (*Imhoff* v. *Lipe*, 162 Ill. 282; *Brokaw* v. *Ogle*, 170 id. 115.) As to the north one hundred and forty-four feet, the interest of Hughes was the fair cash value of the premises less the amount due to the People's Loan and Homestead Association, which was $939.57. Where there was a homestead, as there was here, and the law was not conformed to and the homestead was neither set off nor its value tendered, the person asserting the lien has the burden of proving that the estate was worth more than $1000. The evidence does not show that the estate of Hughes, when conveyed to appellant, was worth more than $1000, and if not, he had a right to sell it to appellant, who would take it free from the lien of the judgment. The evidence did not prove that the interest of Hughes in the part which the court set off to appellant was worth $1000 when transferred, and if that fact had been shown, the decree was wrong in allowing appellant only the amount he paid the Bissell estate to discharge the first mortgage. He had as much right to the amount of his own mortgage as to that which he advanced, and as the sale was void at law and could only be confirmed as to any part of the premises in equity because appellant appealed to a court of equity, he would be entitled to the value of his improvements put on the south part in ignorance of the sale.

The decree is reversed and the cause remanded to the circuit court for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*