Donald Babb, Plaintiff-Appellee, *v.* Laverne M. Johnson *et al.*,
Defendants-Appellants.

(No. 71-163; 

Second District—May 1, 1972.

Edward F. Diedrich and Richard D. Larson, both of De Kalb, for appellants.

Paul F. O'Neil, of Rochelle, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The plaintiff, Donald Babb, leased a building in the City of Rochelle, Ogle County, Illinois, to LaVerne M. Johnson and Dorothy L. Johnson, on April 1, 1970, for the purpose of operating a tavern. Thereafter, the Johnsons sold the business to Francis J. Sheridan, and L. M. Johnson, alone, assigned the lease to Sheridan, who operated a tavern in the building from May 1, 1970, to May 1, 1971. On March 19, 1971, the rent was seven months delinquent, and on that date the plaintiff, upon filing a complaint and confession of judgment on the lease against LaVerne M. Johnson, Dorothy L. Johnson and Francis J. Sheridan, obtained a judgment against the defendants for $1400 rent due, $300 attorney's fees, or a total of $1700, and for possession. The lease contained a warrant of attorney authorizing a confession of judgment, but a rider attached to the lease, which is the assignment of the lease, did not contain any warrant of attorney. Sheridan, on May 24, 1971, filed a motion to open the judgment by confession and supported it by an affidavit stating that he had made a timely tender of the rent due for the premises; that the tender had been refused; and that he was still ready to pay said

rent at any time. Sheridan also filed an answer stating that he had not breached his lease with plaintiff as he had procured adequate dram shop insurance coverage from a source prior to the expiration of the canceled insurance, and also stating that he had tendered all payments of all amounts due. On June 3, 1971, Sheridan also filed a motion to strike the motion and affidavit of the plaintiff to deny the motion to open the judgment and stated, among other things, that the court had already ascertained that the basic question to be determined is whether or not a tender of rent due was made as a matter of fact. On the same date, the court entered an order wherein the judgment of $1400 against the defendant, Sheridan, was sustained, the judgment opened in all other respects, and the defendants placed in possession of the premises pending further order of the court. The order granted Sheridan 14 days to file an answer, counterclaim or otherwise plead, and stayed the execution of the judgment.

On June 22, 1971, the plaintiff filed a motion to have the original judgment reinstated, stating that the alleged tender, basis for opening the judgment, had not been kept good—Sheridan, the tenant, having failed to pay the sum on demand. On June 28, 1971, the court entered an order reinstating the original judgment and specifically found that the alleged tender, which was the basis for opening the judgment, had not been kept good.

On July 28, 1971, a notice of appeal was filed by Dorothy L. Johnson and Francis J. Sheridan, defendants. However, as the defendant, Dorothy L. Johnson, did not seek any relief in the trial court, we consider only the appeal of defendant Sheridan.

■■ The first issue presented by Sheridan on appeal is whether a judgment order is constitutionally and lawfully entered upon a lease containing a clause authorizing any attorney of any court of record to appear in any court of record for the purpose of confessing the liability of the defendants without notice or process. His specific contention is that entry of such a judgment, for money or for possession of lease premises, without notice, is an unconstitutional deprivation of "due process" secured by the Fourteenth Amendment of the United States Constitution. The United States Supreme Court has just recently ruled that confessions are constitutional. (*Overmyer Co., Inc., of Ohio v. Frick Company* (1972), 40 L.W. 4221; *Swarb v. Lennox* (1972), 40 L.W. 4227.) He also presents a second issue of whether a judgment entered upon a confession of judgment is void as against persons who did not execute the lease wherein the warrant of attorney to confess judgment is recited and where no pleading shows any warrant of attorney executed by Sheridan, who is the assignee under the lease.

The plaintiff points out that, pursuant to Sheridan's motion to vacate the judgment, the court, on June 3, 1971, stayed the execution of the original judgment and put the defendants in possession of the premises, primarily because of Sheridan's sworn affidavit that he offered to pay the amount due and was ready to pay it at any time. Since Sheridan offered to pay the amount due for rent, namely $1400, he admitted that said amount was due and he was granted 14 days to answer plaintiff's complaint for possession. It is apparent that, because the defendant did not pay the $1400 he said he would pay, and had not paid the same by June 28, the court entered a judgment on June 28, 1971, reinstating the original judgment. The plaintiff states that on June 28, 1971, the rent being more than one-half year in arrears, that he was entitled to reenter his building both by the terms of the lease and under section 4 of the Landlord and Tenant Act. Ill. Rev. Stat. 1969, ch. 80, par. 4.

■■ Neither of the two issues presented to this court were raised in the trial court by the motion to vacate the judgment nor in the affidavit in support thereof, nor were these issues raised in any answer filed by defendant Sheridan. The record makes it clear that the original judgment by confession was opened on the ground of tender. Issues not raised or considered by the trial court cannot be presented for the first time on appeal. *Village of Midlothian v. Walling,* 118 Ill.App.2d 358, 361; *Wilson v. White Motor Corp.,* 118 Ill.App.2d 436, 440.

For the reasons stated, the judgment of the Circuit Court of Ogle County is affirmed.

Judgment affirmed.

WOODWARD and KRAUSE, JJ., concur.