LINDA M. IVES, Plaintiff-Appellee, *v.* MONTGOMERY MAY, JR. *et al.,* Defendants-Appellants.

(No. 71-195;

Second District—May 2, 1972.

194

Hunter, Hunter & Madden, of Freeport, (Robert B. Plager, of counsel,) for appellants.

Bert P. Snow, of Freeport, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On December 1, 1969, the defendants signed a judgment note in the principal sum of $1,111.69. That note contained a provision that on or before December 1, 1971, the makers promised to pay to the order of Ives, the plaintiff herein, the sum of $1,111.69 by making monthly payments of $20 per month to apply, first, to the accrued interest, and the balance on principal. On April 5, 1971, judgment was confessed by the plaintiff against the defendants and later amended to the amount of $920.75, which included $185.30 as attorney's fees. Thereafter, the defendants filed a motion to vacate the judgment and a motion to open the judgment, these motions containing allegations that the defendants have a meritorious defense; that the payments made on the note exceed the installment obligations required by the note; that the note failed to contain an acceleration clause; and, that the warrant authorized the entry of judgment only in the amount then appearing to be due on the note with interest. On April 21, 1971, a hearing was held on both of these motions. The court entered an order opening the judgment with the judgment to stand as security, pending a final determination of the validity of the judgment and defenses, and further ordered that the motion to vacate the judgment be taken under advisement. On May 21, 1971, the court denied the motion to vacate the judgment. On June 1, 1971, the plaintiff filed a memorandum of judgment. Thereafter, the defendants filed a motion to compel the removal of the memorandum of judgment. On June 10, 1971, after a hearing, the court entered an amended final judgment denying the motion to vacate judgment and dismissing the motion to open the judgment. Defendants appeal from the amended final judgment of June 10, 1971.

In this court the defendants contend that judgment by confession is entered in violation of the United States Constitution in that the confession of judgment, as authorized by section 50(3) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 50(3)), violates the "due process" clause of the Fourteenth Amendment to the United States

Constitution because the statute allows a judgment to be entered without proper notice to the debtor, deprives him of any opportunity to present a defense, and therefore his day in court. The defendants also contend that subparagraph 5 of said section 50 unconstitutionally grants discretion to the trial court, on motion filed within 30 days after entry of judgment, to refuse to set aside the judgment and thus deny a defendant his day in court when timely sought. They further contend that the trial court lacked jurisdiction to confess a judgment where nothing was due on the note at the time it was confessed.

■■ We do not consider the contentions of the defendants as to the constitutional violations as these issues were never raised or decided in the trial court. (*Babb v. Johnson* (1972), 5 Ill.App.3d 191.) However, because these constitutional questions are reoccurring and the subject of many law review articles, we observe that the United States Supreme Court has quite recently considered them. *Overmyer Co., Inc., of Ohio v. Frick Company* (1972), 40 L.W. 4221; *Swarb v. Lennox* (1972), 40 L.W. 4227.

Plaintiff, in this court, contends that the case is moot because judgment by confession could be entered at any time after the date of the note by reason of the terms of the note and because the entire amount to be paid on the note falls due on December 1, 1971, and the plaintiff is now entitled to judgment even if that judgment might have been wrongfully entered on April 5, 1971. Thus, the defendant says there is no actual controversy at this time. We do not believe that this case is moot. There is an actual controversy concerning the due date of the note as well as the attorney's fees awarded as part of the judgment. If the court lacked jurisdiction to confess judgment because there was nothing due on the note at the time it was confessed, the judgment of the trial court would have to be reversed.

Payments were endorsed on the back of the note as follows: December 1, 1969—$337.81; January 5, 1970—$20; January 13, 1970—$20; March 27, 1970—$60; for a total of $437.81. Thus it appears that the $20-per-month payments were not made as required by the terms of the note, and since March 27, 1970 the defendants had paid nothing on the note, although they had paid more than the note called for prior to that time. Therefore, as there is no pre-payment privilege under the note, the strict schedule of payments under the note was not met. The note provides that judgment may be confessed "at any time after date hereof," and contains a clause that "no writ of error shall be prosecuted upon the judgment entered by virtue hereof * * * and (defendants) release all errors that may intervene in the entering up of said judgment." Defendants cite a list of cases, including *First National Bank v. Gal-*

*braith,* 271 Ill.App. 240, which hold that a note may be confessed before its due date where the note contains a clause authorizing it to be confessed at any time after the date of the note, but state that such a clause constitutes an unconscionable contract provision and ask that the old cited cases be overruled. The court, in *First National Bank v. Galbraith, supra,* stated at page 244:

"By many decisions of our Supreme Court and Appellate Courts, it is well established law in this State that judgment is not prematurely taken on a warrant of attorney, forming a part of a promissory note, for the amount unpaid on the note, although the note is not due by its terms, where the warrant provides that judgment may be taken at any time after the date of execution of the note.

\* \* \* Where a warrant of attorney in a note authorizes any attorney to appear 'at any time' and confess judgment for the amount of the note and interest then due, the words, 'then due' do not limit the power to confess judgment at any time \* \* \*."

The trial court did not lack jurisdiction to confess judgment under the circumstances herein, nor does the statute authorizing confession of judgment (Ill. Rev. Stat. 1971, ch. 110, par. 50(3)) for a *bona fide* debt due prevent the entry of judgment by confession herein. The argument of defendants, that the clause in the note allowing confession at any time after date constitutes an unconscionable provision, would be more properly directed to the Illinois legislature rather than to this court.

The judgment of the Circuit Court of Stephenson County is affirmed.

Judgment affirmed.

T. MORAN and GUILD, JJ., concur.