John Skach *et al.*, Plaintiffs-Appellees, *v.* Patricia M. Heakin *et al.*, Defendants-Appellants.

(No. 59627; 

First District (2nd Division)—April 22, 1975.

Judge, Hunter & Schirott, Ltd., of Park Ridge (Robert D. Kolar and Vincent C. Cipolla, of counsel), for appellants.

Frederick S. Stein and Jeffrey M. Weston, both of Chicago, for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiffs, John Skach and George Javaras, filed a complaint for partition of certain real estate against defendants, Patricia Heakin and unknown owners, alleging that each had acquired title to an undivided one-quarter interest in the property through a sheriff's deed. After an evidentiary hearing and argument, the court entered an order finding that plaintiffs owned a 50% interest in the subject property and were entitled to partition. On appeal, defendant Heakin contends that the entry of the partition judgment was erroneous because plaintiffs did not have any valid interest in the subject property. This contention, in turn, is premised upon defendant's assertion that the sheriff's sale, and deed thereunder, of an undivided one-half interest in the premises without setting off defendant's homestead interest was void. Alternatively, defendant argues that the sale of the premises without actual notice violated due process of law, and that the court erred in not allowing redemption from the sale notwithstanding the expiration of the redemption period.

The facts adduced at trial are largely a matter of public record and the following chronological sequence of events are undisputed by the

parties. Prior to April 18, 1968, defendant, Patricia Heakin, and her husband, Frank Heakin, were the owners of the subject property as joint tenants. On April 18, 1968, judgment was entered against Frank Heakin in a case entitled "First State Bank of Harvey v. Frank A. Heakin, No. 68 M6 480" in the amount of $3,831.79. A memorandum of this judgment was recorded with the Cook County Recorder of Deeds on November 22, 1968. On December 4, 1968, an assignment of judgment, dated June 1, 1968, from First State Bank of Harvey to Henry F. Okleshen, was filed with the clerk of the circuit court. On February 13, 1969, a general execution writ was issued by the circuit court clerk and was received by the sheriff on February 17, 1969. This writ was captioned "Henry F. Okleshen v. Frank A. Heakin, Case No. 68 M6 480," showing the amount of judgment as $3,831.79.

On February 10, 1969, Frank Heakin conveyed by warranty deed to his wife, defendant Patricia Heakin, his undivided one-half interest in the property. The deed was recorded on February 14, and contained the following recital: "The grantor * * * hereby releasing and waiving all rights under and by virtue of the homestead exemption law of the State of Illinois." Defendant did not join in the conveyance.

On March 15, 1969, a summons, captioned "Henry R. Okleshen v. Frank A. Heakin, No. 68 M6 480," was directed to three commissioners to appraise homestead. The summons recited that the premises described were the property of Frank A. Heakin and that a homestead was claimed as exempt from execution. The premises were valued by Henry Okleshen in excess of $5,000.[1] On the same date, the commissioners filed their report which stated that the premises could not be divided without injury to the interests of the parties, but failed to appraise the value of the premises in excess of $5,000. Also, on the same date, a sheriff's notice of sale was issued, reciting that a writ of execution was issued in Case No. 68 M6 480 in favor of Henry F. Okleshen and against Frank A. Heakin for the sum of $3,831.79, and stating that unless Frank A. Heakin would pay within 60 days either the surplus over and above the $5,000 homestead on the amount of the commissioner appraisal or the amount of surplus due on the writ of execution plus costs, the premises would be advertised and sold. On July 22, July 29, and August 5, 1969, a notice of sheriff's sale was published in the Chicago Daily Law Bulletin reciting that a writ of execution issued in Case No. 68 M6 480 in favor of Henry F. Okleshen, plaintiff, and against Frank A. Heakin, defendant.

A sale of the husband's undivided one-half interest in the premises was

---

[1] The value of homestead at that time was $5,000. Presently, it is $10,000. (Ill. Rev. Stat. 1973, ch. 52, par. 1.)

conducted by the sheriff of Cook County and a certificate of sale was issued to Henry Okleshen on August 19, 1969, for a bid of $4,321.67. On the same date, Okleshen assigned his certificate of purchase to plaintiffs, John Skach and George Javaras, each acquiring a purported undivided one-half interest. There being no redemption from the sale, a sheriff's deed was issued to John Skach and George Javaras on August 20, 1970.

On November 22, 1971, plaintiffs filed a complaint for partition naming as defendants Patricia M. Heakin and Unknown Owners. Through the sheriff's deed issued in their name, they claimed a 50% interest in the property. The validity of the sheriff's deed was traversed by defendant and the cause set for trial. At trial, in addition to the above-mentioned documentary evidence, Frank Heakin testified that he has resided upon the subject property since 1958 with his wife, Patricia Heakin. At the time of trial the property was encumbered with a mortgage which both he and his wife continued to pay. On plaintiffs' objection, no testimony was allowed as to the value of the property. At this point, defendant's attorney made an open court declaration and offer to tender full payment of the judgment plus interest to date. Plaintiffs refused the offer.

After hearing the evidence presented and the arguments of counsel, the trial court entered an order finding that: Frank Heakin was not a necessary party to the litigation;[2] the lien of judgment attached to the property before the conveyance to defendant; all process and proceedings resulting in the sheriff's sale and deed to the plaintiffs were valid; and that plaintiffs owned a 50% interest in the property and were entitled to partition.

It is defendant's position that she had a homestead interest in the entire premises which was not terminated by her husband's waiver of his homestead rights in his conveyance to her. Since she possessed a homestead interest in the entire premises at the time of the sheriff's sale, and since the premises were sold on execution for less than the amount of the homestead exemption, defendant argues that the sale was absolutely void. Being void *ab initio,* plaintiffs had no title to the premises and therefore could not maintain a suit for partition.

Plaintiffs' position is that defendant's husband, not defendant, was entitled to the homestead exemption in the subject property at the time the judgment lien attached, and that the husband's conveyance to defendant released and waived the homestead exemption, thereby conveying to defendant his undivided one-half interest subject only to the valid judgment lien. Since the husband's homestead exemption was extin-

---

[2] This determination is not contested by the parties on appeal.

guished, there was no need to set off homestead at the sheriff's sale, and accordingly, plaintiffs acquired good title by virtue of the sheriff's deed and are entitled to partition.

The threshold question is that of homestead. On November 22, 1968, while defendant and her husband were owners of their family residence in joint tenancy, a memorandum of the judgment against defendant's husband was filed with the recorder of deeds of Cook County. At that time, the premises were within the purview of section 1 of the Homestead Act (Ill. Rev. Stat. 1967, ch. 52, par. 1.), which, *inter alia*, provided:

> "Every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $5,000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein; shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as herein after provided * * *."

■■■ Based upon certain language contained in *Voss v. Rezgis,* 343 Ill. 451, 454, 175 N.E. 799, defendant urges that she jointly held the homestead estate with her husband in the entire property, and that her joint interest could not be altered by the acts of her husband. It is sufficient to note that in *Johnson v. Muntz,* 364 Ill. 482, 487-88, 4 N.E.2d 826, the court stated that its previous statement in *Voss* was inaccurate, it being the right of occupancy and not the estate of homestead which is jointly vested in the husband and wife. The court further explained that mere ownership does not create an estate of homestead and that two separate homestead estates cannot co-extensively exist in the same premises at the same time. If the husband is the householder and is living and residing with his wife on premises owned by them, either as joint tenants or tenants in common, the homestead estate is vested in the husband alone. (*Johnson v. Muntz; DeMartini v. DeMartini,* 385 Ill. 128, 52 N.E.2d 138.) Clearly, then, prior to February 10, 1969, it was defendant's husband who was entitled to the estate of homestead. Equally clear is that by virtue of the husband's warranty deed, dated February 10, 1969, expressly waiving and releasing homestead, defendant became the householder in whom the homestead estate was vested. Ill. Rev. Stat. 1967, ch. 52, par. 4; *DeMartini v. DeMartini.*

From this basic premise, however, we are not necessarily led to plaintiffs' conclusion that the deed operated to convey to defendant the husband's undivided one-half interest in the property subject only to the

*valid and enforceable* judgment lien. For, as we view the record, the validity of the judgment lien has not been established by plaintiffs. In this State, it is well established that a judgment is not a lien upon the property to the extent of the homestead exemption. The principle is stated in *Lehman v. Cottrell,* 298, Ill. App. 434, 440, 19 N.E.2d 111:

> "Those cases, which hold that a judgment is not a lien upon the homestead property, proceed upon the theory that a judgment is not a lien upon property which is not subject to execution and sale thereunder; that the lien of a judgment, like the homestead exemption, is purely a creature of statute, and that one statute having created and defined the lien of a judgment upon lands of the debtor, and another providing that a definite portion of the debtor's lands should be exempt from sale for the satisfaction of judgments against him, that the two statutes cannot stand together in their full extent, and the legislature will be deemed to have intended that the homestead exemption statute should be held to partially displace the statute relative to judgment liens."

Furthermore, section 6 of the Homestead Act (Ill. Rev. Stat. 1967, ch. 52, par. 6.), provides that when a homestead is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or encumbrance to which it would not have been subject in the hands of such owner. Consequently, the fact that defendant's husband effectively released his homestead interest to defendant is of no avail to plaintiffs if the judgment had not been a lien on the premises prior to the conveyance. For the judgment having been no lien upon the homestead interest of the debtor at the time of the conveyance, title thereto passed clear of any lien, and the homestead interest could not, after the conveyance, be levied upon in the hands of the purchaser. *Lehman v. Cottrell.*

■■ Conversely, if the lien of the judgment attached while the husband was a joint tenant in title, the conveyance to defendant of the homestead would not affect the validity of the judgment lien. (*Erlinger v. Freed,* 347 Ill. 588, 180 N.E. 400.) In this regard, the lien of the judgment attaches to the value of the premises in excess of the homestead exemption. (*Haworth v. Travis,* 67 Ill. 301.) It was therefore necessary to plaintiffs' suit for partition that plaintiffs establish that the value of the premises at the time of the conveyance, after the deduction of the mortgage indebtedness, was more than the $5,000 statutory exemption. (*Kilmer v. Garlick,* 185 Ill. 406, 56 N.E. 1103.) In the case at bar, the evidence fails to demonstrate the value of the premises. The commissioners' report did not appraise the value of the premises, nor was there any other evidence from which it may be concluded that the value of the premises exceeded

the statutory exemption.[3] In fact, plaintiffs objected to the admission of any such testimony on the grounds that it was immaterial. Moreover, although the record reveals that the premises were encumbered by a duly recorded mortgage, no attempt was made to establish the mortgage indebtedness at the time of the conveyance. Having failed in their burden of proof, it therefore follows that plaintiffs were not entitled to partition on the showing made. Consequently, the cause must be reversed and remanded to determine the value of the husband's interest at the time of the conveyance to defendant. (*Kilmer v. Garlick.*) If the value of the husband's interest in the premises was less than the statutory exemption, defendant took the property free from any lien of judgment; if more than the statutory exemption, the sheriff's deed operated to convey the excess.

■■ Although the judgment of the circuit court must be reversed and remanded, defendant requests further relief which, in our opinion, is unwarranted in this appeal. We turn first to the contention that the sheriff's deed was absolutely void since the premises were sold on execution for less than the amount of the homestead exemption. (Ill. Rev. Stat. 1967, ch. 52, par. 9.) As earlier stated, defendant's husband conveyed the homestead estate to defendant after the memorandum of judgment had been recorded, but prior to the sheriff's sale and the issuance of the sheriff's deed thereunder. If the judgment lien was valid, it was not necessary to the validity of the sheriff's sale and deed that homestead be assigned or that the sheriff proceed as directed by the Homestead Act when holding an execution against a householder owning an estate of homestead. As to the husband, he had no interest in the title and no homestead estate (*DeMartini v. DeMartini*), and therefore, none was required to be set off. Although defendant then held an estate of homestead in the subject premises, it was acquired after the judgment lien, and consequently, the mandates of section 9 were not applicable. (*First National Bank v. Vest*, 187 Ill. 389, 58 N.E. 229; *Willard v. Masterson*, 160 Ill. 443, 43 N.E. 771.) Accordingly, we find no basis for reversal on the ground asserted.

■■ It is next asserted that the execution, levy and sale of land, which was owned by defendant subject only to the lien of a judgment against her grantor, without actual notice to defendant was violative of the due process clause of the fourteenth amendment. This contention, however, was never raised below, either by the pleadings or in the proceed-

---

[3] During argument, defense counsel stated his opinion as to the approximate value of the premises. This, of course, was not evidence and may not be treated as such on appeal.

ings before the trial court. The law is clear that the theory upon which a case is tried in the lower court cannot be changed on review, and that an issue not presented to or considered by the trial court cannot be raised for the first time on review. (*Benson v. Isaacs,* 22 Ill.2d 606, 177 N.E.2d 209.) We therefore do not consider the purported constitutional issue now raised. *Ives v. May,* 5 Ill.App.3d 193, 282 N.E.2d 193.

■■ Finally, defendant contends that the trial court erred in not allowing redemption from the sale, notwithstanding the expiration of the period for redemption, in view of the gross inadequacy of the sale price and irregularities in the execution, levy and sale. We initially note that defendant did not counterclaim for redemption. Throughout the proceedings no action was taken in this regard until, at the end of the trial, defense counsel made the open court declaration and tender. Previously, the trial court had ruled that the value of the premises was not material to the partition suit. Not being appraised of any relief sought for redemption, his ruling necessarily related only to the suit for partition. Yet, after defendant's belated request, no further attempt was made to establish the value of the premises. Thus, the issue of redemption was not framed by the pleadings, nor was there any proof to sustain the unsupported claim of the inadequacy of the sale price. Under these circumstances, we can only dismiss the contention as being without merit.

For the reasons stated, the judgment of the circuit court is reversed and remanded for further procedings not inconsistent with the views expressed herein.

Reversed and remanded.

DOWNING, P. J., and HAYES, J., concur.