PER CURIAM.
 

 This case involves the administration of a bankruptcy estate and the question of whether the Chandler Bank’s lien in collateral survives the debtor’s discharge in bankruptcy. The trial judge ruled that subsequent to the debtor’s discharge the creditor who has taken no action to preserve its pre-filing lien rights in the debt- or’s personal property does not have an
 
 in personam
 
 right against the debtor and is subject to being enjoined from enforcing his lien against the property of the debtor.
 

 The Bank had filed an action in the Bankruptcy Court naming the debtor and seeking to reopen the case and to obtain an order of replevin of its collateral. Following a ruling of the Bankruptcy Court the Bank appealed. It was at the time of the filing that the debtor sought to exempt from the estate the 1978 Firebird which had been purchased with the Bank’s money as a means of conveyance pursuant to K.S.A. § 60-2304(3). The exemption was granted without there being any objection. This was in accordance with local rule 4004 which was adopted from the Interim Rules submitted by the Advisory Committee on Bankruptcy of the Judicial Conference.
 

 It was in January 1981, following the filing of bankruptcy in December, 1980 that the Bank received notice of the Chapter 7 filing and of a projected May 28,1981 discharge for the debtor. Soon thereafter, on February 6, 1981 the Bank filed a proof of claim which reflected a secured claim, and as collateral, a 1973 Suzuki and a 1978 Firebird. No relief was sought by the Bank from the 11 U.S.C. § 362 stay or abandonment under 11 U.S.C. § 554, or reaffirmation under 11 U.S.C. § 524. Bankruptcy Reform Act of 1978, 11 U.S.C. § 101,
 
 el seq.
 
 (hereinafter “the Code”). The Bank did not participate in any court proceeding or action to get possession of its collateral prior to the debtor’s discharge of May 28, 1981. At the discharge hearing it was announced that no reaffirmation agreement had been made and that an agreement to redeem had been made with one secured creditor. The Notice of Debt- or’s Discharge was mailed to all creditors on June 3, 1981.
 

 There was filed on May 13, 1981 by the Trustee of debtor’s estate a no asset report and notice of intended abandonment of unadministered assets upon closing the case. Indeed the case was closed on June 3, 1981.
 

 It is important to note that in this case after the close of Chapter 7 bankruptcy, the Bank filed a complaint in an adversary proceeding in which it sought the following relief:
 

 
 *579
 
 (1) An order of the court allowing the case to be reopened.
 

 (2) An order of abandonment of the automobile and motorcycle to the Bank.
 

 (3) Replevin of the automobile and motorcycle.
 

 (4) Reaffirmation of the indebtedness.
 

 The Bank was simply seeking to establish in the adversary proceeding that its lien with respect to the mortgage on the property involved could be pursued by the Bank. Thus it was strictly an
 
 in rem
 
 action. It did not seek generally to proceed against the bankrupt in an
 
 in personam
 
 action. Therefore, its
 
 in rem
 
 action on the secured claim survived the bankruptcy.
 

 It should be noted that the argument for a contrary result is advanced by Judge Pusateri in this action and by him in the better known case of
 
 In re Williams,
 
 9 B.R. 228 (B.C.D.Kan.1981). However, other bankruptcy judges in Kansas have taken the position adopted by this court that an
 
 in rem
 
 action on a secured claim survives the bankruptcy although the creditor did not participate by
 
 way of
 
 urging a reaffirmation or otherwise.
 
 See
 
 3 Collier on Bankruptcy § 524.01[3], at 529-15, 529-16 n. 176 (15th Ed.). Judge Franklin in
 
 In re Weathers,
 
 15 B.R. 945 (B.C.D.Kan.1981) and Judge Morton in
 
 In re Grimes,
 
 6 B.R. 943 (B.C.D.Kan.1980) ably articulated the basis for this court’s ruling: that for sections in the Code which relate to automatic stays and to lien avoidance to have any substance at all necessarily leads to the conclusion that unavoided liens pass through § 506(d) without action by the lien holder. Thus the injunction on discharge under § 524 of the Code does not preclude
 
 in rem
 
 actions by secured creditors.
 

 Specifically, Code § 524(a)(2) states in part that the discharge:
 

 (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived; ...
 

 There was a change in wording from § 14(f) of the former Bankruptcy Act. The trial judge in this case held that “property of the debtor” included property subject to a creditor’s lien and that the injunctive portion thus precluded
 
 in rem
 
 proceedings if the creditor had not participated in the bankruptcy proceedings. He thus would require the creditor to enter the proceedings and apparently enter into proceedings or negotiations relating to reaffirmation. As stated previously, this reading is plainly contrary to the specific sections of the Code relating to automatic stays and to lien avoidance, which to have any substantive meaning must be read to allow unavoided liens to pass through § 506(d) without any action by the lien holder.
 

 The legislative history of the Code further supports this court’s ruling. Referring to the lien avoidance provisions of the Code, the legislative history reveals:
 

 The bankruptcy discharge will not prevent enforcement of valid liens. The rule of
 
 Long v. Bullard,
 
 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), is accepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property. Cf.
 
 Louisville Joint Stock Land Bank v. Bedford
 
 [Radford], 295 U.S. 555, 583, 55 S.Ct. 854, 860, 79 L.Ed. 1593 (1935).
 

 H.R.Rep. No. 595, 95th Cong., 1st Sess. 361 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862, 6317. This indicates that the provisions for avoidance of liens contain a solution for problems in this area. The reference is made in the quotation to exempt property. It is generally held that an exemption as such does not invalidate liens. Consequently, the Congressional intent is clear that valid liens may be enforced, and the phrase “the property of the debtor” in § 524(a)(2) merely refers to property acquired by the debtor after filing of the bankruptcy petition.
 

 We conclude that the trial court erred and that the matter should be reversed.
 

 
 *580
 
 It should be noted that the Bankruptcy Court had jurisdiction over the matter pursuant to Interim Rule 42 adopted by the Tenth Circuit Judicial Council and by the United States District Court for the District of Kansas. Because the matter did not involve “related proceedings” as defined by Section (d)(3)(A) of the Interim Rule, the order of the bankruptcy judge was effective upon entry by the Clerk of the Bankruptcy Court. Interim Rule 42(d)(2). That order was then appealed by agreement of the parties directly to this court pursuant to 28 U.S.C. § 1293.