**In re Donald Leroy HERMANSEN and Natalie Ann Hermansen, Debtors.**

**No. 87–B–12984–M.**

United States Bankruptcy Court,
D. Colorado.

March 28, 1988.

Alan B. Hendrix, Denver, Colo., for Donald Leroy Hermansen and Natalie Ann Hermansen.

Elizabeth A. McKeever, Denver, Colo., for Intern. Bank.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER, comes before the Court on the Debtors' motion to avoid a creditor's judicial lien on their residence pursuant to 11 U.S.C. § 522(f).

The issue presented is whether, under 11 U.S.C. § 522(f), a debtor may avoid a judicial lien in its entirety, or whether, under this section, a debtor is entitled to avoid a judicial lien only to the extent that such a lien impairs an exemption to which the debtor is entitled. Stated simply, to what extent can a debtor avoid a judicial lien pursuant to 11 U.S.C. § 522(f)?

### FACTS

On October 29, 1987, the Debtors filed this voluntary case under Chapter 7 of the Bankruptcy Code. As of the date of the filing, the Debtors owned a residence in Denver. According to the Debtors' Schedules of Assets and Liabilities, this property is encumbered by a first deed of trust which secures a debt to First Family Mortgage in the amount of $8,150.00, and encumbered by a second deed of trust which secures a debt to World Savings & Loan in the amount of $42,200.00. The Debtors correctly claim a $20,000.00 homestead exemption in this property pursuant to C.R.S. § 38–41–201 and 11 U.S.C. § 522(b)(1).

On August 25, 1987, International Bank of Denver ("Bank" or "Creditor") obtained a judgment against Donald L. Hermansen in the amount of $133,317.87. The judgment was recorded in the property records of the City and County of Denver, Colorado. Contemporaneously with the filing of their Chapter 7 petition, Debtors filed a motion to avoid the judicial lien of the Bank pursuant to 11 U.S.C. § 522(f).

A financial picture of the Debtors' residence looks as follows:

$80,000.00  Fair market value of residence

— $ 8,150.00  First mortgage—consensual lien

— $42,200.00  Second mortgage—consensual lien

— $20,000.00  Homestead exemption

$ 9,650.00  Value after deducting consensual liens and exemption claim; Encumbered by $133,317.87 judicial lien

This matter came on for hearing on January 5, 1988 at which time both parties were present, represented by counsel, and presented testimony regarding the value of the residential property.

The Debtors maintain that they are entitled to subtract their $20,000.00 exemption from the value, or their equity, in the property and the Bank's lien then attaches to and is enforceable only against the remaining value in the residence, $9,650.00. Debtors argue that the remaining balance of the Bank's lien claim, $123,667.87, is extinguished because there is no value, or equity, in the residence to which it may attach. The consequence would be a reduction of the Bank's lien right from $133,317.87 to $9,650.00 and preservation of any future appreciation in the home for the Debtors.

Debtors asked the Court to "set a value" on the property and, thus, to set a value on the property to which the lien attaches, namely $9,650.00. The balance of the lien claim, $123,667.87, would, consequently, be extinguished, or avoided. In effect, the Debtors seek a declaratory judgment as to the effect, extent, and value of a judicial lien on real property.

The Creditor acknowledged that the Debtors were entitled to the $20,000.00 homestead exemption under Colorado law and agreed that its judicial lien should not impair such exemption. In its response to the motion, the Creditor only objected to the Debtors' attempt to void the judicial lien in its entirety. Creditor maintains that the Debtors are entitled to avoid a judicial lien *only* to the extent such lien impairs an exemption and the Debtors may not avoid, or eliminate, the entire lien. The conse-

quence of this proposition is that the lien survives in its entirety except to the extent that it impairs the Debtors' $20,000.00 exemption. This would result in an "attached" enforceable lien claim of $9,650.00 and a remainder "unattached" lien claim of $103,667.87 which would survive the bankruptcy and thus preserve for the Creditor any appreciation in the Debtors' home.[1]

## DISCUSSION

### I.

■ *11 U.S.C. § 522(f) avoids a judicial lien only to the extent it impairs an exemption, and no more.* 11 U.S.C. § 522(f) states in pertinent part as follows:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien ...

The legislative history regarding Section 522(f) states:

> Subsection (f) protects the debtor's exemption, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. *The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien,* and may similarly avoid a non-purchase money security interest in certain household and personal goods. The avoiding power is independent of any waiver of exemptions. (Emphasis added.) Notes of Committee to the Judiciary House Report No. 95–595.

Section 522(f) is clear in statutory language and historical context, as to the degree and in what amount a judicial lien can be avoided. A lien can be avoided only "... to the extent that such lien impairs an exemption to which the debtor would have been entitled.... "

Express language of a statute must be followed and the Court cannot adopt any construction inconsistent with that language. *In re Storage Technology,* 48 B.R. 862, 865 (D.Colo.1985).

■ Case law also supports the position that a lien is avoided pursuant to § 522(f) *only* to the extent that it impairs an exemption to which the debtor would have been entitled.[2] In the case *In re D'Ambrosia,* 61 B.R. 588, 590 (Bankr.N.D.Ill.1986), the Court stated as follows:

> In the case at bar, the debtor has approximately $27,000.00 in equity to which the judicial lien has fully attached. However, since the judicial lien is impairing debtor's allowable homestead exemption, the court concludes that the lien is avoidable to the extent of $7,500.00 [the homestead exemption]. The court further concludes that the judicial lien remains enforceable to the extent it does not impair debtor's exemption rights.

### II.

■ *11 U.S.C. § 522(f) may be used to avoid a judicial lien which impairs a homestead exemption.* Judge Roland J. Brumbaugh has ruled in this District that:

> [A] motion under 11 U.S.C. § 522(f) may *not* be used in Colorado to avoid a lien on homestead property. *In re Fry,* Case Number 87–B–06216–J, March 15, 1988.[3]

---

**1.** This particular question of the effect, extent and value of judicial liens, and avoidance of those liens, is not often raised and such problems are not generally encountered in avoiding liens on personal property. Personal property is usually of inconsequential value and less than the allowed exemption. Household goods, clothing and personalty typically depreciate, not appreciate, in value. Given the zealous protection of a home by a debtor, the importance and value of one's residence, the magnitude of the homestead exemption, and the anticipated future increases in value, or equity, of a debtor's home, use of Section 522(f) to avoid liens on a debtor's home creates more questions and difficult problems.

**2.** The avoidance of the lien is available to a debtor and enforceable to the *full extent of the exemption* under applicable law even if the debtor has no equity in the asset, or equity in the asset less than the allowed exemption amount. *In re Berrong,* 53 B.R. 640 (Bankr.D.Colo.1985).

**3.** An as yet unpublished opinion.

Judge Brumbaugh draws that conclusion based on the legal effect of a judgment lien on a homestead exemption as determined by the Colorado Supreme Court in *Barnett v. Knight,* 7 Colo. 365, 375, 3 P. 747 (1881). In *Barnett,* the Colorado Court decided that, unlike other jurisdictions, a judgment lien under Colorado law *does not attach* to the homestead, i.e., to the exempted portion of the debtor's property, up to $20,000.00. C.R.S. § 38–41–201, *et seq.*[4] The reasoning follows that if the lien does not attach, then it does not, and cannot, impair an exemption the debtor may claim and to which the debtor is entitled.

Judge Brumbaugh thus concludes that: Under Colorado law the judgment lien can never 'impair' the debtor's homestead exemption simply because the judgment lien never attaches to that exempt property. Therefore, in Colorado, Section 522(f) is superfluous in connection with the homestead exemption.

This Court concurs with Judge Brumbaugh's research and reasoning but dissents, in part, from his conclusion. I believe that debtors in Colorado should *not be absolutely prohibited* in Colorado from invoking Section 522(f) in the Bankruptcy Court.

Section 522(f) is not necessarily superfluous with respect to real property liens in this District and debtors should not be unconditionally deprived of an available tool provided under the Bankruptcy Code. Debtors may, for a variety of different reasons, desire or need to invoke the provisions of Section 522(f). They may, for example, choose to proceed under Section 522(f) to effect, or to memorialize, or to confirm and legally document the avoidance of a judicial lien which impairs, or appears to impair, a debtor's homestead exemption (a) for title purposes, (b) for title insurance purposes, (c) because of ancillary or state court litigation, or (d) for use in future foreclosures or disputes.

4. The homestead exemption, by contrast, is in the nature of a lien which attaches to the property. *In re Estate of Wallace,* 125 Colo. 584, 246

## III.

■ *The correct way to establish the effect, extent, and value of a judicial lien not avoided by Section 522(f), if any, is by use of 11 U.S.C. §§ 502 and 506.* The Court has concluded that Section 522(f) *may* be used in Colorado to avoid a judicial lien which impairs a debtor's homestead exemption, but may do so *only* to the extent of such impairment, and no more. That leaves the remaining issue raised by the debtor, i.e., under Section 522(f), may the Court determine, or delimit, the effect, extent and value of the judicial lien encumbering real property beyond its impact on the homestead exemption. The answer is no.

The correct, and perhaps exclusive, way to determine the effect, extent, and value of a judicial lien on real property is by use of 11 U.S.C. §§ 502 and 506. This method would also more fully adjudicate the rights, claims and interests of the Debtors and the Creditor.

■ Generally, valid, perfected judicial liens which precede bankruptcy survive and are enforceable after bankruptcy. *See,* 11 U.S.C. §§ 506(d) and 522(c)(2). The bankruptcy discharge does not prevent post-petition enforcement of valid liens. The secured creditor may proceed to enforce the lien, as an *in rem* action, and is not barred by the injunctive terms of 11 U.S.C. § 524. *Chandler Bank of Lyons v. Ray,* 804 F.2d 577 (10th Cir.1986).

The logical consequence of this "survival of liens" after bankruptcy is aptly stated in *In re Berrong,* 53 B.R. 640 at 643 (Bankr. D.Colo.1985):

The practical result is that at some future time, when the real property appreciates or the secured debt is reduced in value. The judgment lienor might initiate a foreclosure action. A debtor would continually be burdened by a creditor, waiting in the corner for the bell to ring to fight the debtor the moment the debtor has rehabilitated himself. This result

P.2d 894 (1952); *See, In re Pruitt,* 829 F.2d 1002 (10th Cir.1987).

thwarts and frustrates the fresh start concept of bankruptcy.

To determine what the effect, extent and value of a judicial lien on property is, and to protect the debtor's interest in post-petition property—thus preserving for the debtor any appreciation in value of that property—reference first to Section 506(a) is required. In pertinent part it provides:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

More succinctly stated, secured claims are secured to the full extent, and only to the extent, that there is value in the collateral actually securing the claim. The phrase "value of such creditor's interest" means the "value of the collateral" and nothing more. *In re Timbers of Inwood Forest Associates, Inc.,* —— U.S. ——, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988); *In re Gibbs,* 44 B.R. 475, 477 (D.Minn.1984).

■ The claim against the estate is, in effect, bifurcated into secured and unsecured components. *In re Everett,* 48 B.R. 618, 619 (Bankr.E.D.Pa.1985). In this case, thus, the Bank has an allowed secured claim of $9,650.00 and an allowed unsecured claim of $123,667.87.

■ Next, 11 U.S.C. § 506(d) provides that:

To the extent that a lien secures a claim against the debtor that is *not* an allowed secured claim, *such lien is void* unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim

under section 501 of this title. (Emphasis added.)

Section 506(d) voids the lien to the extent it does not match an "allowed secured claim" of the creditor except that subsection (d)(1) bars the *automatic* disallowance of all or part of a lien unless a party specifically makes a request that the claim be disallowed (*Everett, supra* at 619).

In this case, that portion of the Bank's lien which secures a claim against the Debtors that is *not* an allowed secured claim is void, i.e., that portion of the lien securing the Bank's $123,667.87 unsecured claim. Only that portion of the lien securing the "allowed secured claim" of $9,650.00, as defined by Section 506(a) is valid, and not void.

■ To establish, however, what is or is not an allowed claim, resort to 11 U.S.C. § 502 is necessary; it is a prerequisite. A claim is deemed allowed unless a party-in-interest objects. *In re Endlich,* 47 B.R. 802 (Bankr.E.D.N.Y.1985); 11 U.S.C. § 502(a). Only after objection to a claim and after notice and hearing, will a claim be disallowed. 11 U.S.C. § 502(b). Moreover, only after that disallowance of a claim can the lien be avoided, as referenced above and as provided for in Section 506(d). "A lien cannot be voided under Section 506 ... unless the claim has been disallowed under Section 502." *In re Wolf,* 58 B.R. 354, 356 (Bankr.N.D.Ohio 1986); *See, Simmons v. Savell,* 765 F.2d 547 (5th Cir.1985); *Everett, supra* at 619; *In re Schneider,* 37 B.R. 115 (Bankr.E.D.N.Y.1984); *Nefferdorf v. Federal National Mortgage Association,* 26 B.R. 962 (Bankr.E.D.Pa.1983); and *Spadel v. Household Consumer Discount Co.,* 28 B.R. 537 (Bankr.E.D.Pa.1983).

■ To the extent that a creditor's secured claim, after objection by a party-in-interest, is determined to not be an allowed secured claim, the lien is void.

The case law and legislative history support this determination:

Subsection [506](d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by a lien under Section 502 and the claim is not allowed,

then the lien is void to the extent that the claim is not allowed. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 357 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6313. *See also* 3 Collier on Bankruptcy, para. 506.07 at 506–61 (15th Ed. 1985).

*In re Wolf,* 58 B.R. 354, 356 (Bankr.N.D. Ohio 1986).

To implement the correct procedures for establishing the full effect, extent, and value of a creditor's judicial lien, reference to Bankruptcy Rules 3007, for filing objections to creditor's claims, and 3012, for obtaining Court valuation of claims secured by a lien on property, is required.

Alternatively, reference to B.R. 7001 and use of adversary proceedings, rather than a motion, may be advantageous to establish the effect, extent and value of a judicial lien, and would be necessary to fully determine the validity, priority, or extent of a lien on property of the debtor.[5]

Debtor's Motion to avoid lien is, therefore, granted in part and denied in part. The Creditor's lien is avoided to the extent it impairs the homestead exemption to which the Debtor is entitled; it is not avoided to the extent it does not impair the homestead exemption to which the Debtor is entitled.

5. The correct practice and procedure of deciphering the nature, effect, extent, and value of liens and creditor claims is not the province of this opinion. It is referenced here only to establish the parameters of what is and is not the most acceptable course for these particular Debtors, and other creditors, in limiting claims and/or voiding liens in whole or in part.