In re Katherine Lee PACKER aka Katherine Lee Meeks, Debtor.

Katherine Lee PACKER aka Katherine Lee Meeks, Applicant,

v.

GENERAL MOTORS ACCEPTANCE CORP., Respondent.

Bankruptcy No. 88–B–06868–A.

United States Bankruptcy Court, D. Colorado.

Jan. 11, 1989.

William J. Donlon, Jr., Thornton, Colo., for debtor.

Thomas M. List, Golden, Colo., for Gen. Motors Acceptance Corp.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court upon Katherine Lee Packer's ("Debtor" herein) Motion to Void Lien Pursuant to Section 522(f) and General Motors Acceptance Corporation's ("Creditor" herein) Objection thereto. A hearing was scheduled before this Court on October 13, 1988 wherein both parties agreed that the salient facts were not in dispute. This Motion can be decided as a matter of law. Both parties filed proposed Findings of Fact and Conclusions of Law with regard to their respective positions.

The facts which are not in dispute are as follows:

1. The Creditor obtained a judgment against the Debtor in the Adams County District Court on or about April 4, 1988 for approximately $5,583.76.

2. Thereafter, the Creditor filed a transcript of judgment in the county where the Debtor's real property and principal place of residence was located, thereby placing a judgment lien on the property.

3. The Debtor filed for protection under Chapter 7 of the Bankruptcy Code on or about May 25, 1988.

4. The fair market value of the property is $70,000.00. Against that value are first and second consensual liens, or deeds of trust, securing obligations of $56,474.00 and $7,900.00, respectively, followed by this Creditor's judicial lien, a third non-consensual encumbrance, of $5,583.00.

5. All agree that the Debtor is entitled to the $20,000.00 exemption on her residence under state law. But for the third encumbrance, Debtor would have equity in the home of about $5,626.00.

*Opinion*

The Debtor filed a Motion to Void Lien Pursuant to Section 522(f) to void the entire $5,583.76 judicial lien of the Creditor, because the judgment lien "impairs" the exemption on her residence to which she is entitled. Debtor relies, essentially, on the case *In re Hermansen*, 84 B.R. 729 (Bankr. D.Colo.1988).

The Creditor argues that, pursuant to *In re Fry*, 83 B.R. 778 (Bankr.D.Colo.1988), a judgment lien never attaches to that portion of real property exempt under state law, that such lien can thus never impair a debtor's homestead exemption and, therefore, a debtor cannot use Section 522(f) to void a judicial lien on real property in Colorado. Creditor further maintains that since the judgment lien does not attach and since the Debtor cannot use Section 522(f) to void the judgment lien, the lien should remain a

valid and enforceable lien against the Debtor's property.

The issue regarding the use of 11 U.S.C. § 522(f) to void a judicial lien on a debtor's residence is a problem in this District. One source of the problem is the inconsistent, indeed conflicting, opinions in the *Fry* and *Hermansen* decisions as to whether or not debtors can use Section 522(f) to avoid judicial liens on real property in Colorado. In *In re Fry*, Judge Brumbaugh said that debtors *cannot* do so under any circumstances. Conversely, in *In re Hermansen*, I have previously said that debtors *can use Section 522(f), and may do so if they elect to do so.* In accord with my previous decision in *In re Hermansen*, I shall allow, in the instant case, the Debtor to invoke Section 522(f) of the Bankruptcy Code and to avoid, in its entirety, the Creditor's judicial lien on the real property. This judgment is based on, and hereby adopts, the reasoning and rationale set forth in *In re Hermansen* and, particularly, that reference wherein the Court states as follows:

> Section 522(f) is not necessarily superfluous with respect to real property liens in this District and debtors should not be unconditionally deprived of an available tool provided under the Bankruptcy Code. Debtors may, for a variety of different reasons, desire or need to invoke the provisions of Section 522(f). They may, for example, choose to proceed under Section 522(f) to effect, or to memorialize, or to confirm and legally document the avoidance of a judicial lien which impairs, or appears to impair, a debtor's homestead exemption (a) for title purposes, (b) for title insurance purposes, (c) because of ancillary or state court litigation, or (d) for use in future foreclosures or disputes.

*In re Hermansen, supra* at 733.

Beyond the views and opinion set forth in *In re Hermansen*, the instant case gives me an opportunity to explain further some of the disparate reasons, which taken collectively, lead me to conclude that it is proper, perhaps necessary, to allow debtors the opportunity to use Section 522(f) to avoid judicial liens on real property. Those reasons include the following.

1. *Fresh start concept reinforced.* Debtors are interested in and entitled to a fresh start after bankruptcy. Section 522(f), as well as for example Sections 502 and 506, are tools designed to fix the relative rights, interests, and secured claims of creditors and debtors. Section 522(f) is intended, in part, to free assets from certain secured claims and to extricate exempt assets from particular encumbrances which cloud title and impair ownership rights. If a judicial lien is not avoided under Section 522(f), it would survive to continue to cloud title and impair ownership rights. If title to assets remains clouded and/or ownership rights remain impaired on specific exempt assets that the Code intends to spring free after bankruptcy, then the fresh start is thwarted.

2. *Lien will survive absent avoidance.* Liens, including judicial liens, if not avoided generally survive after bankruptcy and are enforceable, in an *in rem* action, against a debtor's property pursuant to Section 506(d). *Chandler Bank of Lyons v. Ray,* 804 F.2d 577 (10th Cir.1986).

> [T]hat for sections in the Code which relate to automatic stays and to lien avoidance to have any substance at all necessarily leads to the conclusion that unavoided liens pass through § 506(d) without action by the lien holder. Thus the injunction on discharge under § 524 of the Code does not preclude *in rem* actions by secured creditors.

*Chandler Bank of Lyons v. Ray, supra* at 579.

I read that language in *Chandler* coupled with other important language in that case,[1] to conclude that use of avoidance

---

1. "The legislative history of the Code further supports this court's ruling. Referring to the lien avoidance provisions of the Code, the legislative history reveals: The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), is accepted with respect to the enforcement of valid liens on non-exempt property as well as on exempt property. Cf. *Louisville Joint Stock Land Bank v. Redford [Radford],* 295 U.S. 555, 583, 55 S.Ct. 854, 860, 79 L.Ed. 1593 (1935). H.R.Rep. No. 595, 95th

powers available to the debtor ought to be undertaken in bankruptcy to fix the relative rights of a debtor and a secured creditor at the time of bankruptcy, or the lien rights will properly survive the bankruptcy. The burden is on the debtor to properly and timely exercise a debtor's bankruptcy rights and to fix, to establish, the relative rights of debtor and creditor under the Code.

3. *Surviving judicial lien that is avoidable may impair, or appear to impair, debtors' rights.* The word "impair" is defined in Blacks Law Dictionary, Fourth Revised Edition, at page 885 as follows:

> To weaken, to make worse, to lessen in power, diminish, or relax, or otherwise affect in an injurious manner.

Section 522(f) provides for avoiding the fixing of a judicial lien to the extent it *impairs an exemption.* Recognizing that in Colorado a judicial lien doesn't *attach to* an exempt portion of property, still a judicial lien potentially impairs a debtor's right to claim and protect an exemption, or to otherwise set with certainty and clarity the relative rights of the debtor and a secured creditor on specific exempt property. A debtor's total inability to use Section 522(f), to fix at a time certain, the relative rights of the debtor and a judicial lien creditor in exempt property, may indeed "weaken ... lessen in power ... otherwise affect in an injurious manner" the debtor's rights. Absolute denial of access to Section 522(f) may leave debtor's title to real property clouded, lead to future litigation, prevent a closing, preclude title insurance, require posting of a bond, or otherwise impair or impede a debtor's right to deal with his real property post-petition in a free and unfettered manner.

4. *Time to fix relative rights of debtor and secured creditor are at the time of bankruptcy.* Creditor rights, claims, and interests are, generally, to be fixed at the time of bankruptcy. That is the clear and unqualified intent of the Code and applicable case law. *See, In re Clark*, 91 B.R. 570, 573 (Bankr.D.Colo.1988); *In re Potenza*, 75 B.R. 17 (Bankr.D.Nev.1987); *Matter of Pearson*, 773 F.2d 751 (6th Cir.1985). There is no logical reason why that objective should be defeated by denial of access to Code tools purposely designed to fix rights as of that date.

5. *Avoidance order establishes certainty and notice of extent of secured creditor rights to property.* As a practical matter, debtors may need procedures, documents and sometimes Court orders to be able to establish, or memorialize, their rights or relative positions. For example, a recorded Court Order which avoids a judicial lien pursuant to Section 522(f), (1) establishes the unenforceable nature of the lien and advises the world of that legal fact, (2) effects a lifting of a cloud or *potential cloud* on the title, and (3) causes the extinguishment of secured creditor rights which would otherwise survive under *Chandler.* In the instant case, this Order will accomplish precisely those goals and thus serve the legitimate interests of the Debtor in doing so.

6. *Section 522(c), at least by implication, can be interpreted to require affirmative action to avoid a judicial lien per Section 522(f).* Section 522(c)(2) technically reads, and certainly implies, that exempt property encumbered by an unavoided judicial lien, will be "liable during or after the case for any debt of the debtor ..." that arose before the case. Use of Section 522(f) erases any ambiguity in, or misinterpretation of Section 522(c), which could be construed as allowing exempt encumbered property to remain liable on debtors' pre-petition debts.

IT IS ORDERED that judgment be entered for the Debtor. The judicial lien of the Creditor is avoided and of no force and effect on the Debtor's real property

Cong., 1st Sess. 361 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862, 6317. This indicates that the provisions for avoidance of liens contain a solution for problems in this area. The reference is made in the quotation to exempt property. It is generally held that an exemption as such does not invalidate liens."

claimed exempt pursuant to C.R.S. § 38-41-201.