In re Paul Joseph CERNIGLIA, Jr., and Diana L. Cerniglia, Debtors.

**Bankruptcy No. BK 91–40273.**

United States Bankruptcy Court, S.D. Illinois.

March 6, 1992.

James Campanella, DuQuoin, Ill., for debtors.

Robert F. Schulhof, Carbondale, Ill., for Home Federal Sav. & Loan.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

Debtors Paul and Diana Cerniglia have filed a motion to avoid the judicial lien of Home Federal Savings and Loan Association ("Home Federal") under 11 U.S.C. § 522(f)(1). The debtors claim a homestead exemption of $15,000 in their residence, which is valued at $115,000 and encumbered by a first mortgage in the amount of $101,105.99.[1] Home Federal holds a judicial lien on the debtors' residence in the amount of $358,986.70.

By their motion, the debtors seek to avoid Home Federal's judicial lien in its entirety as impairing their homestead ex-

emption. They assert that only the complete removal of the lien will enable them to deal with their property following bankruptcy and give them the benefit of their exemption and the "fresh start" to which they are entitled. Home Federal does not object to avoidance of its lien in the amount of the debtors' exemption. However, it asserts that § 522(f)(1) does not allow the debtors to avoid its lien completely and objects to avoidance of its lien above the exemption amount.

Under 11 U.S.C. § 522(b), the debtor may exempt certain property from the bankruptcy estate and retain this property as part of his "fresh start" following bankruptcy. If the otherwise exempt property is encumbered by liens, however, the debtor may not receive the benefit of his exemptions, as the liens will survive bankruptcy and the property will instead be applied to satisfy the claims of the lien creditors. Section 522(f) empowers the debtor to avoid certain liens that encumber otherwise exempt property so that the debtor may maximize his allowable exemptions in bankruptcy.[2]

Section 522(f)(1) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled* under subsection (b) of this section, if such lien is—

(1) a judicial lien[.]

11 U.S.C. § 522(f)(1) (emphasis added).

Courts that have considered the issue of lien avoidance under § 522(f)(1) have reached differing conclusions concerning the extent to which a judicial lien may be avoided as impairing the debtor's home-

1. The debtors have reaffirmed on the first mortgage and are making monthly mortgage payments. The balance of $101,105.99 reflects the mortgage indebtedness at the time of filing.

2. Where property is encumbered by liens of secured creditors, only the unencumbered portion of the property—the debtor's equity—passes to the estate, along with the debtor's legal title to the property. *See* 11 U.S.C. § 541(a)(1). Sec-

tion 522(f) allows the debtor to *create* equity in exempt property by avoiding certain liens, thereby bringing previously encumbered property into the estate where it may be claimed as exempt and preserved for the debtor. *Owen v. Owen,* — U.S. —, 111 S.Ct. 1833, 1835–36, 114 L.Ed.2d 350 (1991); *In re Simonson,* 758 F.2d 103, 107–08 (3d Cir.1985) (Becker, J., dissenting).

stead exemption. One line of cases holds that the entire lien above the debtor's equity must be avoided if the debtor is to obtain the benefit of his exemption and a "fresh start," *see In re Herman,* 120 B.R. 127 (9th Cir.BAP 1990); *In re Galvan,* 110 B.R. 446 (9th Cir.BAP 1990); *In re Magosin,* 75 B.R. 545 (Bankr.E.D.Pa.1987); *In re Braddon,* 57 B.R. 677 (Bankr.W.D.N.Y. 1986); *In re Dewyer,* 11 B.R. 551 (Bankr. W.D.Pa.1981), while the other line of cases holds that the limiting language of § 522(f)(1) permits avoidance of the lien only in the amount of the debtor's exemption. *See In re Chabot,* 131 B.R. 720 (C.D.Cal.1991); *In re Sanglier,* 124 B.R. 511 (Bankr.E.D.Mich.1991); *In re D'Ambrosia,* 61 B.R. 588 (Bankr.N.D.Ill.1986); *In re Schmidt,* 36 B.R. 144 (Bankr.N.D.Ohio 1983); *In re Fitzgerald,* 29 B.R. 41 (Bankr. E.D.Va.1983), *vacated and remanded on other grounds,* 729 F.2d 306 (4th Cir.1984).

The practical result of the two positions is evident. In the case of complete avoidance, any postpetition appreciation in the value of the property and any equity built up as existing mortgages are paid following bankruptcy would accrue to the benefit of the debtor rather than the judicial lienholder. Conversely, if the lien is avoided only in the amount of the debtor's exemption, the unavoided portion of the lien would survive bankruptcy and would attach to any equity that accumulates above the debtor's homestead amount. In this way, the judicial lienholder rather than the debtor would partake of subsequent increases in value of the property following bankruptcy.

Courts holding that complete avoidance is required under § 522(f)(1) take a broad view of "impairment," finding that the debtor's exemption is impaired not only to the extent the lien affixes to the debtor's homestead amount but also to the extent any excess or unsecured portion of the lien

remains as a cloud on the debtor's title following bankruptcy. *See In re Herman,* 120 B.R. at 131; *In re Galvan,* 110 B.R. at 451. These courts avoid the unsecured portion of the. lien, incorporating a § 506(d) "strip down" analysis into the process of lien avoidance under § 522(f)(1).[3] *See Galvan; In re Magosin,* 75 B.R. at 550 n. 3; *In re Rappaport,* 19 B.R. 971, 973 (Bankr. E.D.Pa.1982). In *Galvan,* the court affirmed the bankruptcy judge's avoidance of a judicial lien on the debtors' residence in the amount of their equity, which they claimed as exempt, and further avoided the unsecured portion of the lien. The court stated that to allow the uncollateralized lien to remain as a charge on the debtors' property would prevent the debtors from obtaining the "full potential value" of their homestead. 110 B.R. at 451. The court reasoned that since debtors have the ability to avoid liens that exceed the value of their collateral under § 506(d), the debtors' avoidance powers under § 522(f)(1) should not be unduly restricted to preclude such relief. *Id.* Under this view, the unsecured portion of the judicial lien is a "meaningless encumbrance" with no present economic value, which should be avoided entirely to give the debtor full enjoyment of the property in which the exemption is claimed. *See Herman* at 131; *In re Dewyer,* 11 B.R. at 551.

The "lien stripping" rationale of the *Galvan* line of cases is no longer valid following the Supreme Court's recent decision rejecting the "strip down" of liens under § 506(d). *See Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). The court in *Dewsnup* ruled that § 506(d) did not enable the Chapter 7 debtor to reduce a mortgage on real property to the judicially determined value of the collateral when that value was less than the amount of the claim secured by the lien. The court declined to interpret the lien-voiding provi-

---

**3.** Section 506(d) provides:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void....

11 U.S.C. § 506(d). Courts have interpreted this provision in conjunction with § 506(a), which provides for reduction of a secured claim to the

value of the collateral securing it, to find that the unsecured portion of a lien may be avoided and the lien "stripped down" to the value of the collateral securing it. *See Gaglia v. First Federal Savings & Loan Ass'n,* 889 F.2d 1304 (3rd Cir. 1989).

sion of § 506(d) to grant debtors a broad new remedy against allowed claims to the extent they become "unsecured" for purposes of § 506(a). 112 S.Ct. at 779.

The *Dewsnup* court reiterated the long-standing rule that liens on real property pass through bankruptcy unaffected, as the bankruptcy discharge merely affects enforcement of a claim against the debtor personally, while the ability to proceed against the property itself for payment of a debt remains intact. *Dewsnup*, 112 S.Ct. at 778. The court noted that because the *in rem* aspect of the claim survives, any subsequently accruing increase in value would benefit the creditor rather than the debtor. *Id.* Such a result would not impede the debtor's "fresh start," which is limited to discharge of personal liability and does not extend to an *in rem* claim against property. *Id.* at 777.

■ Applying the principles enunciated in *Dewsnup*, it is clear that a judicial lien may not be avoided under § 522(f)(1) merely because the lien is unsecured and remains as a charge against property. Section 522(f)(1) gives the debtor only a limited power to avoid liens in order to preserve his exemption. This power may not be expanded to allow avoidance of the unsecured portion of the lien that would otherwise survive the debtor's discharge. To so interpret § 522(f)(1) would be to grant the debtor not merely the benefit of his exemption in the homestead property but also all the benefits of ownership beyond the exemption amount, including the right to any increase in value caused by subsequent events. *In re Chabot*, 131 B.R. at 722.

The continued existence of the unsecured or excess portion of the lien on property in which the homestead exemption is claimed, while constituting a cloud on title, does not thereby impair the debtor's exemption or even his fresh start. The debtor's exemption gives the debtor a superior right in property up to a specific amount. The debtor's fresh start is assured when he is able, by the power afforded under § 522(f)(1), to avoid a lien encumbering this specific property interest and retain it after bankruptcy, free of liens that would otherwise survive the debtor's discharge. *Id.* at 723. Section 522(f)(1) was not intended to free the debtor's property completely of judicial liens. Rather, it is the purpose and effect of this provision to preserve the debtor's exemption and thus his fresh start by allowing avoidance of liens in the specific amount of the debtor's exemption.[4]

Under a plain reading of § 522(f)(1), a debtor's exemption is "impaired" to the extent a judicial lien attaches to the otherwise exempt property interest and prevents the debtor from getting the benefit of his exemption. The Court finds, accordingly, that § 522(f)(1) allows a debtor to avoid judicial liens only in the amount of his exemption. By this means the debtor is able to bring previously encumbered property into the bankruptcy estate where it may be claimed as exempt and retained after bankruptcy as part of the debtor's fresh start.[5]

In the present case, the Court rejects the debtors' contention that § 522(f)(1) allows them to avoid Home Federal's judicial lien in its entirety as impairing their homestead exemption. Rather, it must be determined

---

**4.** The legislative history of § 522(f)(1) provides:
Subsection (f) protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien....
H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318.

**5.** It is instructive to compare the debtor's avoiding power under § 522(f)(1) with that under § 522(h), which allows the debtor to avoid various types of transfers (for example, a preferential transfer or fraudulent conveyance) if the trustee does not do so. However, the debtor, unlike the trustee, cannot avoid the transfer entirely but only "to the extent that" the debtor could have exempted the property if the trustee had avoided the transfer. *See* 11 U.S.C. §§ 522(h), (g); *see* 3 *Collier on Bankruptcy*, ¶ 522.30, at 522–104 (15th ed.1991). Section 522(h), like § 522(f)(1), enables the debtor to recover property for the estate in order that it may be claimed as exempt and preserved for the debtor following bankruptcy.

to what extent, if any, Home Federal's lien attaches to the debtors' homestead interest and prevents their claim of exemption, so that the lien may be avoided to the extent of such impairment.

Illinois has "opted out" of the federal exemptions, and thus the relevant exemption under § 522(b) is that defined by state law. *See* 11 U.S.C. §§ 522(b)(1), (2)(A). The Illinois homestead exemption provides:

> Amount. Every individual is entitled to an estate of homestead to the extent in value of $7,500, in the farm or lot of land and buildings thereon, ... owned ... and occupied by him or her as a residence ...; *and such homestead,* and all right and title therein, *is exempt from attachment, judgment, levy or judgment sale for the payment of his or her debts.....*

Ill.Rev.Stat., ch. 110, par. 12–901 (1989) (emphasis added.) [6]

In Illinois, a judgment lien attaches to all real property of the debtor once a transcript, certified copy, or memorandum of judgment has been duly recorded in the county in which the property is located. *See* Ill.Rev.Stat., ch. 110, par. 12–101 (1989). The homestead exemption, however, constitutes an exception to this rule. *Petition of Lehman v. Cottrell,* 298 Ill. App. 434, 440, 19 N.E.2d 111, 114 (1939). It is well settled in Illinois that a judgment lien does not attach to the debtor's homestead interest in property. *Dixon v. Moller,* 42 Ill.App.3d 688, 690, 1 Ill.Dec. 411, 414, 356 N.E.2d 599, 602 (1976); *Cochran v. Cutler,* 39 Ill.App.3d 602, 606, 350 N.E.2d 59, 62 (1976); *Skach v. Heakin,* 28 Ill.App.3d 346, 351, 328 N.E.2d 59, 63 (1975); *Lehman v. Cottrell,* 298 Ill.App. at 442, 19 N.E.2d at 115. Although other jurisdictions hold that the lien of judgment does attach to an existing homestead but remains dormant, or is held in abeyance,

while the premises continue to be occupied as a homestead, "this is not the law in Illinois." *Dixon v. Moller,* 42 Ill.App.3d at 690, 1 Ill.Dec. at 414, 356 N.E.2d at 602. Rather, the homestead is freely alienable by the debtor, *id.,* and judgment creditors have no interest in the homestead estate that would allow them to interfere with the debtor's disposition thereof. *Cloud v. Meyers,* 136 Ill.App. 45, 47–48 (1907); *see* 20 Ill.L. & Prac., *Homesteads,* § 75 (1956).[7]

Illinois courts hold that the lien of judgment attaches only to the debtor's property that exceeds the amount allowed by statute as a homestead. *Haworth v. Travis,* 67 Ill. 301, 304 (1873); *Skach v. Heakin,* 28 Ill.App.3d at 351, 328 N.E.2d at 63. Thus, if the value of the debtor's property is greater than the statutory exemption, the lien attaches to the excess, giving the judgment creditor the right to subject the property to execution and sale in satisfaction of the judgment. *Moriarty v. Galt,* 112 Ill. 373, 378 (1884); *Cochran v. Cutler,* 39 Ill.App.3d at 608–09, 350 N.E.2d at 64; *see Hamalle v. Lebensberger,* 267 Ill. 602, 607 (1915). However, since the lien of judgment never attaches to the homestead estate, the debtor would be entitled to have that estate set off to him or to be compensated for it. *Cochran v. Cutler,* 39 Ill. App.3d at 609, 350 N.E.2d at 64.

From this examination of Illinois exemption law, it can be seen that there is no necessity for the debtors to seek avoidance of Home Federal's lien under § 522(f)(1), as their exemption rights will be preserved to them following bankruptcy in any event. As discussed above, § 522(f)(1) does not allow the debtors to avoid the judgment lien entirely but merely provides for avoidance in the specific amount of their exemption. The debtors would gain nothing by the use of § 522(f)(1) beyond the exemption rights afforded them under state law.

---

6. Under this provision, a husband and wife may claim homestead exemptions of $7,500 each for a combined total of $15,000. *First National Bank of Moline v. Mohr,* 162 Ill.App.3d 584, 587, 114 Ill.Dec. 85, 87, 515 N.E.2d 1356, 1358 (1987).

7. The theory behind the Illinois rule is that both the lien of judgment and the homestead exemp-

tion are creatures of statute and since a judgment cannot be a lien on property which is exempt from execution and sale, the legislature must have intended that the homestead exemption statute "partially displace the statute relative to judgment liens." *Lehman v. Cottrell,* 298 Ill.App. at 440, 19 N.E.2d at 114.

Since the judgment lien of Home Federal did not attach to the debtors' homestead interest, there is no impairment of the debtors' exemption and no encumbering lien to be avoided.

The Court is aware of no other case that has considered the effect of Illinois exemption law in determining impairment of a debtor's homestead exemption under § 522(f)(1). Colorado bankruptcy courts, applying a similar state exemption statute which provides that judgment liens do not attach to the debtor's homestead estate, have debated the question of whether the debtor may nevertheless employ the avoiding power of § 522(f)(1). In *In re Fry*, 83 B.R. 778, 779 (Bankr.D.Colo.1988), the court found that, under Colorado law, the judgment lien could never "impair" the debtor's homestead exemption because the lien never attaches to that exempt property. The court ruled that § 522(f)(1) was superfluous with respect to the Colorado homestead exemption and could not be used to avoid a lien on homestead property.

The court in *In re Hermansen*, 84 B.R. 729 (Bankr.D.Colo.1988) and *In re Packer*, 101 B.R. 651 (Bankr.D.Colo.1989) disagreed with this rationale, stating that even though a judicial lien does not attach to a debtor's exempt homestead interest in Colorado, the existence of such a claim potentially impairs the debtor's fresh start. The *Packer* court ruled that a debtor must be allowed to proceed under § 522(f)(1) to confirm or "legally document" avoidance of a lien that "appears to impair" the homestead exemption because failure to do so may leave the debtor's title to real property clouded, lead to future litigation, prevent a closing, preclude title insurance, require posting of a bond, or "otherwise impair or impede a debtor's right to deal with his real property in a free and unfettered manner."

*Packer*, 101 B.R. at 653; *see In re Hermansen*, 84 B.R. at 733. The court, accordingly, granted the debtor's motion to avoid lien under § 522(f)(2).[8]

■ Having considered the reasoning of the Colorado courts, this Court finds no basis for ordering avoidance of a lien on a debtor's homestead interest under § 522(f)(1) when, under applicable state exemption law, the lien has never attached to that exempt interest. It is not the purpose of § 522(f)(1) to "confirm" or "document" the absence of liens on exempt property but to effect the removal of liens affixed to the debtor's interest so that property which would otherwise be exempt may pass into the bankruptcy estate to be claimed as exempt. *See Owen v. Owen*, —— U.S. ——, 111 S.Ct. 1833, 1835–36, 114 L.Ed.2d 350 (1991). It would be a meaningless act for the court to order avoidance of liens under § 522(f)(1), as was done in *Packer* and *Hermansen*, if the debtors' exempt property is already free of encumbering liens. This Court, accordingly, agrees with the *Fry* rationale that where state exemption law provides that judicial liens do not attach to the debtor's exempt homestead interest, a debtor's motion under § 522(f)(1) is unavailing and must be denied.[9]

The Court's ruling that § 522(f)(1) lien avoidance is unavailable to the debtors here does not deny them any benefits afforded by the Bankruptcy Code but merely leaves undisturbed the protections already provided under state exemption law. By defining the debtors' homestead exemption as free from attachment by judicial liens, Illinois exemption law mirrors the effect of lien avoidance under § 522(f)(1). The Supreme Court has rejected state law attempts to define exempt property in a way that would override the lien avoidance provision

---

8. The district court, in *In re Duden*, 102 B.R. 797 (D.Colo.1989) and *In re Robinson*, 114 B.R. 716 (D.Colo.1990), adopted the *Packer* and *Hermansen* position, finding that to decide otherwise would "leave debtors and creditors in limbo as to the status of judicial liens post-bankruptcy." *Robinson*, 114 B.R. at 720.

9. The *Packer, Duden* and *Robinson* courts, with their concern for protecting the debtor's ability

to deal with property after bankruptcy "in a free and unfettered manner," appear to contemplate the complete avoidance of judicial liens under § 522(f)(1). As discussed above, the debtor is not entitled to avoid judicial liens that remain as a charge on his property above the exemption amount. The debtor's fresh start is assured when he is able to retain property in the specific amount of his exemption following bankruptcy.

of § 522(f)(1). *See Owen v. Owen:* state law definition of lien encumbered property as nonexempt does not preclude avoidance under § 522(f)(1). The state exemption provision here, however, is consistent with the purpose and effect of § 522(f)(1).

■ The Court finds that Home Federal's judicial lien does not impair an exemption to which the debtors would have been entitled because, under state law, no lien attached to the debtors' exempt homestead interest. For the reasons stated, the Court denies the debtors' motion to avoid lien under § 522(f)(1).