**In re Mark Joseph SHAFNER, and Beth Lee Shafner, Debtors.**

**Bankruptcy No. 93 17668 DEC. MC Nos. SEB–2, SEB–3.**

United States Bankruptcy Court, D. Colorado.

March 25, 1994.

Stephen E. Berken, Denver, CO, for debtors.

Murray Wilkening, Wedgle & Shpall, P.C., Denver, CO, for Mercedes–Benz, Inc.

Marilyn Chappell, McKenna & Cuneo, Denver, CO, for Aurora Nat. Bank South.

## ORDER REGARDING DEBTORS' MOTIONS TO AVOID JUDICIAL LIENS

DONALD E. CORDOVA, Bankruptcy Judge.

THIS MATTER came on for hearing on February 25, 1994, on the Debtors' Motions to Avoid Judicial Liens Impairing Exemptions, with respect to Aurora National Bank South and Mercedes–Benz Credit Corporation. Both Aurora National Bank South and Mercedes–Benz Credit Corporation filed objections. In addition, Mercedes–Benz Credit Corporation filed a motion to dismiss the Debtors' Motion. At the hearing, the Court directed the parties to file proposed findings of fact and conclusions of law, as well as any additional briefs, by March 11, 1994. Having considered the facts and legal arguments presented by the parties, the Court hereby makes the following findings and conclusions.

### FACTS

The parties do not dispute the facts. The Debtors filed their Chapter 7 petition on July 15, 1993. On September 28, 1993, the Debtors filed motions to avoid the judicial liens asserted by Aurora National Bank South and Mercedes–Benz Credit Corporation with respect to the Debtors' primary residence. The parties agree that, as of the date of filing, the value of the property was $148,-000.00. The parties further agree that, as of the date of filing, the following liens, in the

following order of priority, had attached to the subject property:

  a. Consensual lien of the Weyerhaeuser Mortgage Company, Inc., recorded April 6, 1979, in the amount of $69,929.52.

  b. Consensual lien of The Stonebridge Realty Advisors, Inc., recorded October 1, 1987, in the amount of $24,472.62.

  c. Judgment lien of Aurora National Bank South, recorded June 13, 1990, in the amount of $6,788.41.

  d. Judgment lien of Mercedes–Benz Credit Corporation, recorded December 17, 1990, in the amount of $16,133.45.

  e. Several Internal Revenue Service Liens, the earliest of which was recorded July 23, 1991, in the total amount of $24,428.78.

The Stonebridge Realty Advisors, Inc. lien was assigned to Sidney and Esther Shafner on January 27, 1994, for consideration in the amount of $15,370.71. Sidney and Esther Shafner are the parents of Debtor Mark Shafner. Subsequent to the assignment, the Debtors have made payments to Sidney Shafner on the debt.

## ISSUES PRESENTED

The Motions to Void Liens raise two issues. First, may a judgment lien which impairs a homestead exemption be avoided under 11 U.S.C. § 522(f) in Colorado? Second, if such a lien may be avoided, do the judgment liens in the instant case impair the debtors' homestead exemption so that they may be avoided, in whole or in part?

## DISCUSSION

█ With respect to the first issue, Courts in Colorado have disagreed over the meaning accorded to the word "impair" in § 522(f). The disagreement stems from the fact that in Colorado, a judgment lien does not attach to the exempt portion of an owner's interest in property. *Barnett v. Knight,* 7 Colo. 365, 375, 3 P. 747 (1884); *City Center National Bank, N.A. v. Barone,* 807 P.2d 1251 (Colo. App.1991). If the lien, even if it does not attach to the exempt property, nonetheless can be said to impair the debtor's rights in such exempt property, then § 522(f) removes

the impairment. If the lien does not impair the exemption, then § 522(f) has no effect.

Judge Brumbaugh, in *In re Fry,* 83 B.R. 778, 779 (Bankr.D.Colo.1988), and more recently in *In re Shaff,* 158 B.R. 224 (Bankr. D.Colo.1993), has concluded that "[u]nder Colorado law the judgment lien can never 'impair' the debtor's homestead exemption simply because the judgment lien never attaches to the exempt property." *In re Shaff, supra,* at 158 B.R. 224. In *In re Hermansen,* 84 B.R. 729, 733 (Bankr.D.Colo.1988), and later in *In re Packer,* 101 B.R. 651, 653 (Bankr.D.Colo.1989), Judge Brooks has employed a different approach. He found that even though a judicial lien does not attach to an exempt homestead interest in Colorado, the lien could impair the debtor's rights to the exemption in other ways. For example, the existence of the lien might lead to problems in obtaining title insurance for the property, or might result in litigation. The Federal District Court for the District of Colorado later adopted the *Hermansen* and *Packer* rationale in *In re Duden,* 102 B.R. 797 (D.Colo.1989) (Judge Weinshienk) and *In re Robinson,* 114 B.R. 716 (D.Colo.1990) (Judge Kane).

The Court finds that the practical realities of a debtor's efforts to deal with a property in the marketplace preclude a finding that a lien which does not attach to the property cannot impair the owner's homestead exemption. In *Packer,* Judge Brooks observed:

> *Absolute denial of access to Section 522(f) may leave the debtor's title to real property clouded, lead to future litigation, prevent a closing, preclude title insurance, require posting of a bond, or otherwise impair or impede a debtor's right to deal with his real property in a free and unfettered manner.*

*In re Packer, supra,* at 101 B.R. 653. The Court agrees with this reasoning and therefore will follow the result in the Robinson line of cases. Accordingly, the Court finds that a judgment lien may be avoided in Colorado, pursuant to 11 U.S.C. § 522(f), to the extent that it impairs an exemption, although the judgment lien does not technically attach to the exempt portion of the property.

■ The second issue involves the extent to which the lien impairs the exemption. Generally, courts look at the equity a debtor has in property after subtracting the consensual liens, avoiding judicial liens which impair the homestead exemption in the equity, to which the debtor would be entitled in the absence of the judicial liens. *See, In re Galvan,* 110 B.R. 446 (9th Cir. BAP 1990). However, the property in the instant case has judgment liens which are "sandwiched" in between the consensual liens and the statutory (tax) liens.

The Debtors urge the Court to subtract liens which cannot be avoided (i.e. the consensual liens and the tax liens) before it determines whether the judicial liens impair the exemption and can be avoided. The Bank and Mercedes–Benz, on the other hand, contend that the state law order of priority of the liens should be preserved.

The sum of the non-judicial liens and the homestead exemption is $148,830.92. The Debtors maintain that all judicial liens must be avoided because the total of the non-judicial liens reduces the value of the remaining equity, $29,169.08, to an amount below the $30,000.00 exemption level. However, this approach would disturb the established order of priority of the encumbrances, and forces § 522(f) to operate contrary to how it is written. It assumes that the judicial liens are always avoidable, rather than avoidable only to the extent they impair an exemption. As the United States District Court for the Eastern District of New York has noted:

> *[T]o the extent that it does not impair the homestead exemption, the judicial lien is "not avoidable." Since it cannot be determined whether the lien is avoidable before deciding whether it impairs the homestead exemption, appellant's view that "a lien must first be determined to be unavoidable, before it be given priority based upon its senior status ..." must be rejected.*

*In re Spearman,* 124 B.R. 620, 622 (E.D.N.Y. 1991); *see also, In re Patterson,* 139 B.R. 229, 231 (9th Cir. BAP 1992) ("State law provisions concerning the priority of liens should be preserved where not inconsistent with the bankruptcy code.").

The Court therefore finds that the liens must be addressed in their present priority, without regard to whether they are "avoidable" or "unavoidable", since the judicial liens are unavoidable until they are shown to create an impairment of the homestead exemption. Using this approach, if the first and second consensual liens, and the judicial liens, are subtracted from the value of the property, $30,676.00 remains. If the homestead exemption of $30,000.00 is deducted from that amount, equity of $676.00 is left, to which the statutory liens may attach. Therefore, the judicial liens cannot be said to impair the debtors' homestead exemption, and they cannot be avoided under 11 U.S.C. § 522(f).

For the above reasons, it is

ORDERED that Mercedes–Benz Credit Corporation's Motion to Dismiss Motion to Avoid Judicial Lien Impairing Exemptions is hereby DENIED. It is

FURTHER ORDERED that the Debtors' Motions to Avoid Judicial Liens Impairing Exemptions with respect to Aurora National Bank South and Mercedes–Benz Credit Corporation, are hereby DENIED.