**In re John Larry KELLAR and Sherrye D. Kellar.**

**Bankruptcy No. 93–40056 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Dec. 5, 1996.

J. Dale Lipsmeyer, Morrilton, AR, for Debtors.

Kenneth Cowan, Fort Smith, AR, for Purina Mills, Inc.

### ORDER GRANTING MOTION TO AVOID JUDICIAL LIEN

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtors' Motion to Avoid Judicial Lien on Exempt Property Under Section 522(f), filed on August 5, 1996, to which the creditor Purina Mills, Inc. ("Purina") responded. The debtors seek to avoid the judicial lien of Purina on the grounds that the lien impairs their homestead exemption. Purina argues that since, under Arkansas law, the lien does not attach to the homestead, there is no impairment of the exemption.

■ The parties stipulated that the debtors properly claim a homestead exemption and that the creditor Purina holds a prepetition money judgment, duly recorded pursuant to state law, against the debtors. In addition to the stipulations, the debtor husband testified that the debtors have been unable to obtain a second mortgage on their homestead due to the existence of the judgment lien on file with the county clerk.

Section 522 of the Bankruptcy Code provides in pertinent part:

[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is—

(A) a judicial lien * * *

11 U.S.C. § 522(f)(1)(A).[1] This case raises the issue of what constitutes an "impairment" within the meaning of section 522(f). Purina argues that there can be no impairment because under the Arkansas Constitution, article 9, section 3, the homestead is not subject to a lien of any judgment. The issue is not merely academic because, as noted by Purina, if the homestead is ever abandoned, that property would then be subject to the lien and, therefore, the debt subject to collection. If the lien is avoided, the creditor forever loses its rights to collect the debt against that property.

While it is true, as noted by the debtor, that under the Arkansas Constitution, a homestead knows no creditors, Arkansas statutes provide that a judgment lien is a lien on real property. A.C.A. § 16–65–117 (Mitchie 1995). While the homestead may not be subject to collection of the debt represented, creditors and potential creditors act based upon the recorded judicial lien. *See; In re Calandriello,* 107 B.R. 374, 375 (Bankr. M.D.Fla.1989) ("[P]ractical problems are presented when a certified copy of a judgment against a homeowner is recorded in the official records of the county in which the homeowner's homestead is located. Title compa-

---

1. The exceptions listed in paragraph (A) are inapplicable to this proceeding.

nies generally treat such judgements as a cloud on title to the homestead unless avoided in bankruptcy, satisfied or otherwise removed."), *aff'd*, 174 B.R. 339 (M.D.Fla.1992); *In re Packer*, 101 B.R. 651 (Bankr.D.Colo. 1989). In the instant case, the debtors presented evidence that they have been unable to obtain a second mortgage on their homestead due to the existence of Purina's judicial lien. Although the judgment lien may not "attach" under Arkansas law, it acts to "cloud" the debtors' title. Thus, despite the Constitutional provision which protects the homestead, the existence of the lien has had a detrimental effect upon their homestead in which they claim an exemption. *Cf. In re Jacobs*, 154 B.R. 359, 361 (Bankr.S.D.Fla. 1992) (lender conditioned second mortgage upon avoidance of liens); *In re Herman*, 120 B.R. 127, 131 (9th Cir. BAP 1990).

■ The Court believes under these circumstances that an impairment of the homestead exemption exists within the meaning of the Bankruptcy Code because it, in fact, impairs the debtors' fresh start afforded by the Bankruptcy Code. Impairment must be construed consistent with the purpose of the Bankruptcy Code to provide a fresh start. Section 522(f) exists to preserve that purpose: it protects the exemptions by permitting the debtor to avoid certain liens on exempt property. *In re Herman*, 120 B.R. 127, 130 (9th Cir. BAP 1990). If the judicial lien is not avoided, it survives to cloud the debtor's title and impair ownership rights. If that cloud on exempt assets remains, the exemption to which the debtors are admittedly entitled is thwarted. If the debtor is unable to enter into transactions because of this cloud, the fresh start itself is thwarted. *In re Packer*, 101 B.R. 651 (Bankr.D.Colo. 1989). Thus, if, after discharge, the debtor is beset by problems for which a specific section of the Bankruptcy Code expressly provides a remedy, that remedy, and the fresh start are impaired. As in this instance, if the debtor is unable to obtain a second mortgage on the exempt homestead, despite the existence of equity in the property, the Code provision providing for protection of exempt property has been impaired. *See Calandriello*, 107 B.R. at 375 ("[T]he limitations on the debtor's actions that result denies the debtor the full enjoyment that the Florida Constitution provides ... [T]he Bankruptcy Code contains a specific provision designed to prevent the debtors ... from experiencing problems of this sort."). Although Arkansas law provides that the homestead is not subject to the lien, the judicial lien in fact impairs the debtors' right to claim and protect their exemption, or to "otherwise set with certainty and clarity the relative rights of the debtor and a secured creditor on specific exempt property." *Packer*, 101 B.R. at 653. Thus, the existence of this judicial lien impairs an exemption to which the debtor is entitled under section 522(b).

**ORDERED** that the debtors' Motion to Avoid Judicial Lien on Exempt Property Under Section 522(f), filed on August 5, 1996, to which the creditor Purina Mills, Inc. responded is GRANTED.

**IT IS SO ORDERED.**